## BEERS and another *against* HAWLEY and others.

THIS was a bill in chancery for a foreclosure of the equity of redemption in mortgaged premises. All persons interested were made parties, and were cited in.

*Isaac Hawley,* one of the defendants, on the 3d of *February* 1812 mortgaged, the premises to *Truman Minor,* for 3,143 dollars. On the same day, he mortgaged the same land to *William Wright* for 5,500 dollars. Both deeds were entered upon the town-records, on the day of their date. On the 22d of *June* 1814, *Minor,* being in possession, mortgaged the premises to the plaintiffs, by a deed containing covenants of seisin and warranty, to secure the sum of 1,519 dollars 07 cents. On the 6th of *May* 1815, *Minor* again mortgaged the premises to *Elijah Terrill* and *Isaac Babbit,* for 828 dollars, 33 cents. All these mortgage debts remained unpaid.

On the hearing, the plaintiffs claimed, that *Hawley's* deed to *Minor* was executed and delivered prior to his deed to *Wright.* *Wright* claimed, that both deeds were executed and delivered at the same time, and consequently, that he and *Minor* were tenants in common ; and to prove this fact, he offered the confessions of *Minor,* made after *Hawley's* deed to him, and before his deed to the plaintiffs ; particularly, a writing signed by *Minor,* and delivered to *Wright's* attorney, in these words : " Whereas I received a mortgage deed of *Isaac Hawley* of certain lands and buildings therein described, dated the 3d day of *February* 1812, and *William Wright* holds a mortgage deed, given and executed by said *Hawley,* of the same lands and buildings, dated the same time and place as mentioned in my said deed ; and whereas my said deed was, by mistake or misdirection of the bearer of the same to the recorder, entered for record five minutes before the said *Wright's* deed aforesaid : Therefore, this may certify, that there is to be no priority between the said two deeds, but they are to be considered as both standing on equal grounds, and of even dates, and no priority of date or

*A.* mortgaged the same land to *B.* and to *C.,* by separate deeds, executed and delivered on the same day. Both deeds were recorded on that day ; but *B.'s* deed was entered for record a short time before *C.'s.* *B.* afterwards conveyed his title to *D.* On a bill for foreclosure by *D.,* it was held, that a writing signed by *B.* while in possession under *A.'s* deed to him, and before his conveyance to *D.,* acknowledging that there was to be no priority with respect to the two deeds, and that it was through mistake or misdirection of the bearer, that *B.'s* deed was entered for record first, was admissible evidence, to shew that the deeds took effect simultaneously.

Such writing is not an agreement affecting the title of land, which the law requires to be recorded.

Though it is generally true, that of two or more deeds, that which is first recorded, is entitled to priority ; yet this rule must be so qualified, as to allow every grantee a reasonable time to get his deed recorded ; and all deeds recorded within such reasonable time, will take effect according to the time of execution.

claim in any respect; as witness my hand. *Brookfield, June* 30th, 1812. [Signed.] *Truman Minor.*" To the admission of this writing, for the purpose stated, the plaintiffs objected; and the court excluded it, and decided, that the deed to *Minor* was prior to the deed to *Wright.*

The defendants claimed, on several grounds, which it has become unnecessary to state, that the plaintiffs were not entitled to a decree in their favour. The exceptions thus taken were overruled by the court; and the decree sought by the bill was passed. The defendants moved for a new trial, on all the grounds on which the decision of the court was against them. The questions arising on such motion, were reserved for the consideration and advice of the nine Judges.

*N. Smith* and *T. S. Williams,* in support of the motion, contended, among other points, that the confessions of *Minor,* against his interest, made while he was owner of the land, and in possession, were admissible, especially as against the plaintiffs, who claim under *Minor.* They cited *Davies* v. *Pierce & al.,* 2 *Term Rep.* 53. *Walker* v. *Broadstock,* 1 *Esp.* 458. *Waring* v. *Warren,* 1 *Johns. Rep.* 342, 3. *Jackson* d. *Griswold & al.* v. *Bard,* 4 *Johns. Rep.* 230. *Jackson* d. *M'Donald,* v. *M'Call,* 10 *Johns. Rep.* 377.

*Daggett* and *Sherman,* contra, contended, that the writing in question is not a confession. It is an *agreement* between *Wright* and *Minor,* giving *Wright* an equality, and quit-claiming any priority in himself. This will always be good between *Minor* and *Wright,* but cannot affect third persons. Further, as the writing gave *Wright* an interest in the land, he ought to have *recorded* it. He has suppressed it; and he must, of course, be postponed in chancery. The deed to *Minor* appears upon the town records, to have been first recorded. This writing was made to correct the record; and to have any effect upon persons not parties to it, it must itself be placed upon record.

SWIFT, Ch. J. In this case, the plaintiffs, as grantees of *Minor,* claimed a priority of title, on the ground, that his deed was first recorded. *Wright,* one of the defendants, claimed an equality of title, and that he was tenant in common with *Minor,* on the ground, that the execution of the

deeds was simultaneous, and that his deed was recorded in a reasonable and proper time : and, to prove the fact, offered the written declaration of *Minor,* when he was the owner of the land, and in possession ; which was rejected by the court.

It is generally true, that the deed which is first recorded shall prevail ; but to this there are exceptions. Where the second grantee, having notice of the existence of a prior deed procures his deed to be first recorded, it shall not prevail against such prior deed. Where the first grantee procures his deed to be recorded within a reasonable and proper time after its execution, it will be valid against a subsequent deed, though first recorded ; for every purchaser is entitled to a reasonable time to procure his deed to be recorded. Both these deeds bear date, and were recorded, on the same day ; but the deed to *Minor* was received for record, about five minutes before the deed to *Wright.* As both deeds were recorded in a reasonable time, it becomes material to ascertain the time of their execution : for if their execution was simultaneous, *Minor* and *Wright,* by operation of law, became tenants in common.

The time of the execution and delivery of a deed is always a matter *in pais,* to be proved like any other fact ; and it is competent for the party to shew a delivery on a day different from the date. His confession, admission, or declaration, whether by parol or in writing, (while interested and in possession,) against his interest, is proper evidence, notwithstanding a subsequent conveyance ; subject, however, to be explained, like any other testimony. The written declaration of *Minor,* while owner of the land, conduced to prove, that the deeds were executed at the same time, and that he was entitled to no priority. It was, then, clearly admissible evidence.

It has been contended, that this was an agreement, affecting the title, creating a new right, and in effect a conveyance of lands, and ought to have been recorded so as to give notice, and prevent subsequent purchasers from being prejudiced. But this writing created no new right ; it was merely evidence of a fact, by which the priority of the deeds was to be determined, and was not by law required to be recorded. And though it may be very desirable, that all titles to lands should be evidenced by public records, yet it cannot be done in all cases ; for the time when a deed was executed,

and whether it was recorded in a reasonable time, cannot appear from the record.

As a new trial must be granted for this reason, it is unnecessary to decide the other questions made in the case ; for this may assume a very different shape, if there should be a further trial of the cause.

HOSMER, J. The deeds of *Hawley* to *Minor* and to *Wright* were delivered at the same time. This fact is established, by the declaration of *Minor*, made while he owned the mortgaged premises, and before the execution of his deed to the plaintiffs. The testimony offered, fully proves this point ; and, in my judgment, the court erred in rejecting it. The writing signed by *Minor*, is not merely an agreement that there should be no priority of his title to that of *Wright*, but an admission that there never was any priority. It declares, that the deeds were dated at the same time and place.

The declaration of *Minor*, made while in the possession of the premises, was admissible, not only against himself, but against the plaintiffs, who claim under him. *Waring* v. *Warren*, 1 *Johns. Rep.* 343. *Walker* v. *Broadstock*, 1 *Esp.* 458. *Davies* v. *Pierce & al.* 2 *Term. Rep.* 53. *Jackson* d. *Griswold & al.* v. *Bard*, 4 *Johns. Rep.* 230. *Jackson* d. *M'Donald* v. *M'Call*, 10 *Johns. Rep.* 377.

The deed to *Minor* was registered on the town records, before the deed to *Wright*, but on the same day. This, it is said, is, to all subsequent purchasers, evidence of priority ; and to rebut the presumption that *Wright* should have caused the written declaration of *Minor* to have been recorded. The latter suggestion I will just answer. It will not be pretended, that the writing under the hand of *Minor*, was a deed. But the duty of the recording officer extends to the registration of deeds only.(*a*) The town clerk was under no more obligation to record the written declaration of *Minor*, than to register his letters, promissory notes, or parol declarations ; and had he done it, it would not have been evidence of constructive notice to any person. The writing was merely evidence of a fact admitted, resting on no higher ground than a mere verbal declaration.

As to the supposed priority, apparent of record, in my judgment, it has not the slightest foundation. The town

(*a*) 1 *Stat. Conn. tit.* 162. *o.* 1. and 2.

*Hartford,*
June, 1818.

Beers
*v.*
Hawley.

records are evidence of the facts recorded. Now, what were the facts? That mortgage deeds of the same land were executed on the same day, and at the same place, to *Minor* and to *Wright;* and that the deed to the former was first recorded. It has been contended, (and on this depends the controversy between the parties) that priority of record infers priority of grant. On what principle is this suggestion to be supported? The record on this point is silent. The deeds are dated on the same day, and on the same day recorded. At most, the matter insisted upon is an inference. No one will venture to assert, that from the premises, that is, from two deeds bearing the same date, and one of them being first recorded, it can be deduced as a fact, that one deed was executed prior to the other. If, then, there be any inference, it is a presumption of law. Now, on what basis is this supposed legal presumption to rest? It is a presumption without any premises; it is a presumption, where the probability of its being in opposition to the truth, is precisely equal; it is a presumption, which opens a wide inlet to fraud. A person, on the first day of a given month, at *New-London,* may execute a deed of land lying in *Hartford,* and afterwards, on the same day, may give a deed of the same land, in the latter town. It would be a construction, unjust, inconvenient, and such as no supposable principle would authorize, to hold the last deed valid, because the grantee procured it to be first recorded. It would be equally opposed to the determinations of our courts, and the general understanding of the people. It is correctly said, in 1 *Swift's Syst.* 308. " that every purchaser of land shall have a reasonable time to procure his deed to be recorded. But, the length of time that is to be considered reasonable, has never been ascertained, and perhaps cannot be, and must be left according to the special circumstances of each case. It has been adjudged, where two deeds were taken on the same day, and the last deed was recorded the next day in the forenoon, and the other in the afternoon, that the first deed was recorded in reasonable time, and should hold the land. The propriety of this decision cannot be questioned." I am of the same opinion. Sufficient time must be allowed a person to procure his deed to be recorded, before his title can be annulled, by the extraordinary vigilance and exertion of a subsequent grantee. This principle gives that reasonable evidence of title which the statute

intended, and prevents the perversion of a prior record, to unwarrantable purposes.

He who is notified by the town records, that two deeds of the same property were executed and recorded on the same day, is informed, that he must look out of the record for priority of title. That is the case before the court; and the testimony offered to evince it, should have been received.

As a new trial must be granted on this ground, and there is not a perfect coincidence of opinion on the other questions in the case, I shall omit further observation.

GOULD, J. I acquiesce, though with much hesitation, in the opinion that the writing, offered in evidence, by the defendant, *Wright,* ought to have been admitted—not, however, upon the ground, that priority, in the recording of deeds, is no evidence of priority of title: for, I believe it to be a sound position, that the deed first recorded, carries, *prima facie,* the prior, or legal title. If not, of what importance is the *time* of recording a deed, in any case? The records or registries of conveyances, under the statute, are designed, as a medium of notice to all persons, as to the ownership of real property—by furnishing proof, accessible to all, in whom the title to that species of property, is. But how are these records to answer this purpose? By showing, at what time, each deed was *lodged* with the clerk, and *recorded,* as well as what are its contents; but they do not prove the time of its *actual delivery;* nor can it be learnt from them, (not only for this reason, but for others also,) whether the party, claiming under a given deed, has been *diligent,* or *negligent,* in procuring it to be recorded. The presumptive evidence, which they afford, is, therefore, I think, always in favour of the deed, first recorded. For the only presumption they raise, as to priority of title, is that, which results from priority, in recording it. But this presumption may, sometimes be rebutted, by proof of extrinsic facts. And as the alleged fact of the simultaneous delivery of the two deeds in question, was, in its nature, legally provable, as being relevant upon the point of priority; I cannot, I confess, assign a reason, altogether satisfactory to myself, why the written certificate, offered in evidence, by *Wright,* was not, in strictness, admissible, upon that point. I find a difficulty, in excepting it from the rule, under which the declarations of a

former proprietor, against himself, have always been admitted, against those, who claim under him; though from the very suspicious character of the evidence offered, I should be much better satisfied, if some clear ground could be shown for excluding it.

*Hartford, June, 1818.*

Beers
*v.*
Hawley.

The other Judges, who were present, were of the same opinion. EDMOND, J. dissented at first, but on further reflection, acquiesced in the decision. CHAPMAN, J. was absent.

New trial to be granted.