## FITCH *against* CHAPMAN.

The declarations of a person not a party, who is living and a competent wit-
    ness in the cause, though against his interest at the time they were made,
    are inadmissible.
A person through whom a party claims title, is not identified with that party,
    in such a sense, as to make the declarations of the former evidence against
    the latter.
The declarations of a person claimed to be an agent, are not evidence to
    prove the agency.

Where the question was, whether money paid by the hand of the defendant, *New-London,* July, 1833.
was paid on his own account or for another, the defendant offered testimony
to show, that when he made the payment, he stated, that he had borrowed
the money of one *C.* for that purpose; this testimony being objected to, the
court excluded it, but instructed the jury, that in the absence of all testimo-
ny on the point, (and there was no other,) the money paid must be presumed
to be the defendant's; it was held, that whether such testimony was ad-
missible or not, yet under the direction of the court, it was unnecessary
to the defendant, and its rejection, therefore, was no ground for a new
trial.

Fitch
*v.*
Chapman.

THIS was an action of ejectment; tried at *New-London,*
*September* term, 1832, before *Bissell,* J.

The plaintiff claimed title, by virtue of the levy of an execu-
tion on the demanded premises, as the property of one *John
Chapman.* *James Smedley* was the former owner; and the
plaintiff, to prove title in *John Chapman,* offered a deed, exe-
cuted and delivered to him, by *Ebenezer Learned,* Esq., as
the attorney of *Smedley,* dated the 10th of *November,* 1825.
The defendant also exhibited a mortgage deed of the same
land, bearing the same date, by *Jason Chapman,* the defend-
ant, to *Smedley,* to secure a note for 225 dollars, payable
*December* 10th, 1826, and also a deed of release of the premi-
ses, by *Smedley's* attorney, dated the 31st of *October,* 1826,
to the defendant.

To prove that the note for 225 dollars, was paid before the
law day, the plaintiff introduced Mr. *Learned,* who testified,
that it was paid by the defendant, on the 31st of *October,* 1826;
and that the witness then delivered to him the note and the
release deed above-mentioned. The witness then further
stated, (not at the request of either party,) that before he sold
said land, he had conversations with the defendant about it;
in one of which the defendant said, he should be glad to pur-
chase it, if his sons would help him; and that when the land
was conveyed to *John Chapman,* he paid half the purchase
money, and gave the note and mortgage aforesaid for the
balance. On cross-examination, the witness added, that *John
Chapman* failed in the spring of 1826; and when *Jason*
came to pay the money, he, by the assistance of the witness,
hired 150 dollars of one *Tate,* to make the payment, and mort-
gaged said land, as security therefor.

To prove that the defendant did not act as the agent of
*John Chapman,* in making the payment, he offered to prove,

2

*New-London,*
*July, 1833.*

Fitch
*v.*
Chapman.

by this witness, that when *John* received his deed, he declared to the witness, that he made the purchase for the defendant. To the admission of this testimony, the plaintiff objected, as *John* was not a party, but a competent witness ; and the court excluded it.

The defendant also offered to prove, that after the failure of *John Chapman,* he, the defendant, had repeated conversations with Mr. *Learned* about paying the money, and taking up the mortgages. This testimony was objected to, by the plaintiff; and the court excluded it.

The defendant further offered to prove, that when he paid said mortgage debt, he stated to Mr. *Learned,* that he had borrowed the balance of the money not obtained of *Tate* for that purpose, of one *Crandall.* No evidence was offered to shew, that the money so paid belonged to any other person than the defendant. This testimony, on the objection of the plaintiff, was also rejected ; and the jury were afterwards instructed, that in the absence of all evidence on the point, the money must be presumed to be the defendant's.

The plaintiff obtained a verdict ; and the defendant moved for a new trial, on the ground of these interlocutory decisions, and for a mis-direction.

*Law* and *Strong,* in support of the motion, contended, 1. That the declarations of *John Chapman,* made when he took the deed, that he acted in the purchase for the defendant, should have been received. In the first place, the defendant could not compel *John Chapman* to testify ; for the fact to be proved was against his interest. Besides, a party ought never to be obliged to make a person thus situated his witness. Secondly, as the plaintiff claims title through *John Chapman,* he is identified with him in relation to such title ; and the declarations of *John Chapman* regarding it, are, therefore, admissible against the plaintiff. *Ivat* v. *Finch,* 1 *Taun.* 141. Thirdly, the evidence in question was admissible, as the declarations of an agent in the execution of his agency. Fourthly, those declarations were admissible, because they constituted a part of the *res gesta.*

2. That the declarations of the defendant, that he borrowed the money of *Crandall,* being accompanied by *an act done, viz.* the payment of the money, were admissible to shew *whose*

money was paid, ⬤ hey constituted a prominent feature of the transaction, affecting its entire character.

*Goddard* and *J. W. Huntington,* contra, insisted, 1. That the declarations of *John Chapman* that he made the purchase for the defendant, were properly excluded. In the first place, they were irrelevant. They did not conduce to shew the intent with which the purchase was made. There is no connexion between the sale to *John,* and the taking of the mortgage by the defendant. Secondly, *John* was a competent witness, and alive. He should, therefore, have been called. *Hedge* v. *Horton,* 3 *Carr. & Payne,* 179. (14 *Serg. & Lowb.* 261.) *Nichols* v. *Hotchkiss,* 2 *Day,* 121. Thirdly, these declarations were not evidence as the admission of an agent in the course of transacting the business of his agency. For this purpose, the agency must first be established, and the extent of the authority ascertained ; but here was no proof of agency aside from the declarations in question. 2 *Stark. Ev.* 43.

2. That what the defendant himself said about the money, was properly excluded. It was no part of the *res gesta*—no qualification or explanation of the act done. But if otherwise, still it was unnecessary ; as there was no evidence that this was the money of any other person than the defendant ; and the jury were expressly instructed, that they must presume it to have belonged to the defendant.

WILLIAMS, J. The plaintiff having levied his executions upon the land as the property of *John Chapman,* it is admitted, that the proceedings are regular, and he has a right to recover, if the title was in *John Chapman.* That this title was in him, and remained in him, unless defeated, by the mortgage to *Smedley,* and the subsequent release to the defendant, is also clearly shewn. But if the debt was paid before the law-day, the legal title was, by that payment, revested in *John,* and a release from *Smedley* could have no effect. The defendant claims, that this payment never was made by *John,* but by him, the defendant ; and so the release would operate as an assignment of the mortgage debts, as well as convey the interest in the estate mortgaged ; in proof of which, he first offers the declarations of *John,* when he purchased the property, that he

New-London,
July, 1833.
Fitch
v.
Chapman.

made the purchase for the defendant.    Jo[illegible] was alive, and was a competent witness ; and it was claimed, that his admissions against his then existing interest, were proper evidence. These declarations are from a person not a party,  or a witness, and who might have been called as a witness.   The general rule is, that if the party whose declarations are offered, is living, and can be a witness, his declarations are  not evidence.   So it is said in  *Barough* v.  *White*,  4 *Barn. & Cres.* 325.   (10 *Serg. & Lowb.* 345.)    *Hedger* v.  *Horton*, 3 *Carr. & Payne*, 179.    (14 *Serg. & Lowb.* 261.)   In *Walker* v. *Broadstock*, 1 *Esp. Rep.* 459. the declarations of a tenant, living, were admitted, not as evidence of the fact, but  of his opinion.   And the cases where such evidence is admitted, seem to proceed, generally, upon the principle, that by the decease of the person, better evidence cannot be had.   *Davies* v. *Pierce* & al. 2 *Term Rep.* 53.   *Peaceable* d. *Uncle* v. *Watson*, 4 *Taun.* 16.   *Higham* & ux. v. *Ridgway*, 10 *East* 109. *Roe* d. *Brune* v. *Rawlings*, 7 *East* 279. 290.    *Doe* d. *Human* v. *Pettett*, 5 *Barn. & Ald.* 223.  (7 *Serg. & Lowb.* 75.) *Goss* v.  *Watlington*, 3 *Brod.* & *Bing.* 132.    (7 *Serg. & Lowb.* 379.)   *Ivat* v. *Finch* & al. 1 *Taun.* 141.

In our own courts, the persons whose declarations were offered,  though  not dead, were so  situated that they could not be witnesses, or could  not be compelled to testify.   In  *Beers* v. *Hawley* & al. 2 *Conn. Rep.* 467.   *Hawley* was a party,  and had conveyed the  land with covenants of warranty.   In  *Norton*  v.  *Pettibone* &  al. 7  *Conn.  Rep.*  319. 323. the same facts existed, except that *Marks*,  instead of being defendant, had been cited in, by his grantee, to defend.

It is said, that the plaintiff is identified with *John Chapman*, because he claims through him.   The indorsee of a promissory note, claims through the indorser ; but it does  not therefore follow, that the declarations of that indorser can be given in evidence ; as was observed in *Barough* v.  *White*, above cited. I should think the identity spoken of in the books, referred rather to those cases  where  the  nominal plaintiff was suing,  in fact, for the  benefit of a  third  person ; and this identified their interests.

It is further claimed, that *John* was the mere agent of *Jason ;* and therefore, his declarations may be given in evidence.   But the agency must be established  before the declarations can  be

New-London,
July, 1833.

Fitch
v.
Chapman.

given in evidence, as well as a partnership. The declarations of a person not a party, cannot be received to prove either of those facts, although when proved, the admissions of such agent or partner may be shewn.

Again, these declarations are offered to prove what title *John* proposed to acquire. But the deed shews what title he did actually obtain ; and as the question here is merely as to the legal title, *that* is settled, by the deed itself.

The admission of hearsay evidence ought not to be extended beyond the necessity of the case, as there is great danger of collusion ; and certainly, it ought not, unnecessarily, to be extended to defeat a record title to real estate. I think, therefore, this evidence was properly excluded.

Much less can the repeated conversations of the defendant himself with Mr. *Learned,* unattended by any act, prove any thing in his favour. If such declarations were admissible, an artful man, by a little previous preparation, would always have evidence ready to meet his case.

As to the declaration of this defendant, when he made the payment, that he borrowed this money of *Crandall,* it is claimed, that it stands upon different ground ; because it was accompanied by an act done, the payment of the money. This, if admissible, could be for no purpose but to shew that the defendant paid his own money. But as the court directed the jury, that in the absence of all evidence, (and it is not pretended that there was any,) the money paid by the defendant must be presumed to be his own, the defendant cannot have suffered, by the rejection of this testimony. I cannot, therefore, think it necessary to enquire, whether it was admissible, or not. And upon the whole, I think there should not be a new trial.

The other Judges were of the same opinion.

New trial not to be granted.