WOODEN *against* COWLES' executor.

The time limited, by an order of the court of probate, within which the claims of creditors are to be exhibited, is to be computed from the making of the order, and not from its publication.

Where it appeared, in the trial of a cause involving the question at what time notice of an order of the court of probate was put upon the sign post, that a written notice of the order was prepared, by the judge of probate, and delivered to the defendant, in the town of *W,* for the purpose of being placed on the sign-post in the town of *P,* on the 10th of *December,* the day the order was made; that the defendant came to a store in *P,* about the middle of that month, with a written paper in his hand, called for nails for the purpose of fixing it upon the sign-post there, and then said, that such paper was the probate notice in question; and such notice was shortly afterwards seen and read on the sign-post; it was held, that evidence of what the de-

fendant said, while in the act of inquiring for the nails and posting the paper upon the sign-post, was admissible as part of the *res gestæ*, showing the character of the acts in which the defendant was then engaged.

THIS was an action of *assumpsit*, brought by *Aner Wooden*, against the executor of *Levi Cowles*, deceased, on a promissory note, given by *Cowles*, in his life-time, to the plaintiff.

The defendant pleaded in bar, that *Cowles*, while in full life, made his will, and appointed him, the defendant, executor; that the defendant took upon him the duties of the trust, and caused the will to be proved, and approved by the court of probate; that the court of probate, on the 10th of *December*, 1832, limited and allowed six months from that time, for the creditors of the estate to exhibit their claims against it to the defendant, as executor, for settlement; that at the same time, said court ordered and directed the defendant to give public notice of such limitation, by advertising it in a news-paper, published in *Hartford*, and by posting it on the sign-post in the town of *Plymouth*, within which town the testator dwelt, at the time of his decease; that immediately thereafter, *viz.* on said 10th of *December*, 1832, the defendant, in pursuance of said order and of the requirements of the statute, did post on the public sign-post in said town of *Plymouth*, and nearest to the place where the deceased last dwelt, a written notice, signed by him, as executor, that said court of probate had limited and allowed six months from said 10th of *December*, 1832, for the creditors of the estate of said *Cowles* to exhibit their claims to him, as such executor, for settlement, and that all those who neglected to present their accounts to him, within said time, properly attested, would be debarred of a recovery; that the defendant, also, in pursuance of said order and the requirements of the statute, and as soon as practicable, caused a like notice to be published in a news-paper in *Hartford*, called *The Connecticut Courant*, for three successive weeks, in three successive weekly papers, the first of which was published on the 18th of *December*, 1832; that the plaintiff wholly neglected and omitted to present or exhibit his said note to him, the defendant, within said six months so limited; nor did the plaintiff, within said six months, give notice to the defendant of his said claim, or that he held said note, or that he had any claim or demand against said estate.

*Litchfield,*
June 1836.

Wooden
*v.*
Cowles' exr.

The plaintiff, in his replication, traversed the facts alleged in the plea, and averred, that on the 10th of *June*, 1833, he presented to the defendant, as executor, said note and claim against said estate; and that the defendant, as executor, had full notice thereof, within six months after the making of said order, and also within six months after said 18th of *December*, 1832, and after public notice given by inserting said advertisement, on said 18th of *December*, in *The Hartford Courant*. On this replication issue was joined.

The cause was tried at *Litchfield, February* term, 1836, before *Church*, J.

The plaintiff offered evidence to prove, that sometime in *July*, 1833, the defendant declared and acknowledged, that the time limited, by the court of probate, for the exhibition of claims against the estate of the testator, expired on the 10th of *June*, 1833; and that the plaintiff did not exhibit to the defendant the note in suit until after that time, and after the time expressed in said order had run out; but that he did exhibit it, on the next day, or next day but one, afterwards, and within six months from the 18th of *December*, 1832, and the publication of said order in *The Connecticut Courant*. The defendant objected to this evidence, on the ground that an exhibition of the note after the expiration of six months from the date of said order, was not within the issue; and that evidence relative thereto was irrelevant, and of no legal effect; and also on the ground, that such declaration of the defendant, made after the time for exhibiting claims had expired, was not admissible in evidence to prove the exhibition of the note. The plaintiff insisted, that such declaration was admissible in evidence, inasmuch as the defendant was executor, and party on the record; that the evidence was within the issue; and that a presentment of the note within six months from the publication of notice in *The Connecticut Courant*, was a presentment in due season, though not within six months from the date of the order. The judge sustained the objections of the defendant, and excluded the evidence.

To prove the publication of notice, on the sign-post in *Plymouth*, as alleged in the plea, the defendant offered *Chauncey Bradley*, as a witness, to testify, that sometime in *December*, 1832, and according to his recollection, about the middle of that month, the witness was in the store of *S. M. Mitchell*, in *Plym-*

*outh* ; and that the defendant, in company with one *Atwater*, was there, with a paper in his hand, which he said, was a notice of an order of the court of probate limiting the time for exhibiting claims against the estate of *Levi Cowles* ; that the defendant got nails at said store, and then went out and fastened said paper on the sign-post ; but the witness did not read the paper, or know what it contained, except from what he heard the defendant say respecting it. The plaintiff objected to the testimony of this witness, so far as it related to what he heard the defendant say concerning the contents of the paper. The judge sustained the objection, and excluded the evidence, so far as it went to prove the contents of the paper, but admitted the declaration of the defendant as to the contents, for the sole purpose of ascertaining the time when the notice was posted, in connexion with other evidence offered by the defendant, that on the 10th of *December*, 1832, the defendant, in company with *Atwater*, started for *Plymouth*, from the office of the judge of probate in *Waterbury*, when the judge gave the defendant two notices, one to be posted on the sign-post in *Plymouth*, and the other for the news-paper, and also in connexion with the evidence offered by the defendant, that shortly after the 10th of *December*, 1832, and as early as the 20th of that month, said notice was seen and read on said sign-post, by another witness.

The jury returned a verdict for the defendant ; and thereupon the plaintiff moved in arrest of judgment, and also for a new trial ; both of which motions were reserved for the consideration and advice of this court.

*T. Smith* and *L. Church*, in support of the motions, contended, 1. That the plea in bar was insufficient.

In the first place, it states, that the publication of notice in *The Connecticut Courant*, was on the 18th of *December* 1832, and does not deny the exhibition of the plaintiff's claim within six months of *that* time.

Secondly, it sets out an order, which the court of probate has not power to make ; that court being authorized only to direct the executor to give notice to creditors to bring in their claims within such time as such court should limit, *after such notice given*. It is apparent, that the legislature intended, that creditors should, in all cases, have full six months for the exhi-

*Litchfield,*
*June, 1836.*

Wooden
*v.*
Cowles' exr.

bition of their claims; but this cannot be, if the period is to run from the date of the order, and not from the time of notice given. The order remains a dead letter until notice is given. That alone gives it vitality, and invests it with power to operate on the rights of creditors. If the six months can be curtailed at all, how much can it be? Where is the rule to be found, that publication shall be made in a *reasonable* time? This would leave the validity of every order of notice wholly uncertain; and no man could tell whether his claim was barred or not, but by a law-suit.

Thirdly, the plea does not state that the plaintiff was an inhabitant of this state at the time the order was made; and the statute is express, as to creditors residing out of the state, that the limitation is to run from the publication of notice.

2. That if the plea is good, the exhibition of claims within six months from publication, is a virtual compliance, and within the issue joined; and evidence to that effect should have been admitted.

3. That the acknowledgment of the party on record, is good evidence, especially to facts within his knowledge, and with which he is particularly conversant.

4. That the testimony of *Bradley* to what the defendant *said* of the contents of the paper, was not admissible, for any purpose.

*O. S. Seymour*, contra, contended, 1. That the order mentioned in the plea, is valid.

In the first place, statutes are to be construed according to the ordinary and natural meaning of the words; and that the statute relating to this subject, so construed, authorises the order in question, is apparent from the fact, that such orders have been in constant practice from 1782 to this time, without question.

Secondly, the statute mentions no particular time from which the six months is to run. It is, therefore, presumed to commence from *the date.* In all analogous cases, the time is computed from date, unless some other time is expressly named. But notice is neither expressly nor implicitly required to precede the commencement of the time limited. In the nature of things, notice may, with as much propriety, be given of a past as of a future event.

*Litchfield,*
*June, 1836.*

Wooden
*v.*
Cowles' exr.

Thirdly, it is of no importance in point of fact, that the notice should precede the commencement of the time limited.

Fourthly, great practical inconvenience and uncertainty would result from the rule contended for by the plaintiff. If notice is to be given before the time limited can begin to run, when shall notice be considered as given? May the time begin to run after the notice is put on the sign-post? Or must it wait until the notice is published in the news-paper? If the latter, in case the notice is required to be in successive papers, shall it be the first publication, or must it wait until the last? Shall it be considered as given on the day the notice is *printed* in the paper, or on the day the paper *bears date?* On the day it is distributed in the city or town where it is printed, or in the country? Suppose the judge of probate should think, that *further* notice ought to be given; must the time wait until this further notice is given? On the principle contended for by the plaintiff, no one could tell by the records, or by the advertisement, when the limitation would expire.

Fifthly, the promulgation of the order by the court of probate, is the principal, and only authentic notice.

2. That the declarations of the defendant as to the contents of the paper which he put on the sign-post, were admissible.

First, they were admissible, generally, as part of the *res gestæ.* The executor receives an order of limitation for the purpose of being posted; and, on the same day, is found in the act of posting a paper, which he, at that time, states to be such an order; and all this, accompanied with proof, that a few days afterwards, such an order is seen on the sign-post, by a third person. Looking at the subject as men exercising merely our judgments, we should place full reliance on the declaration thus made, independently, altogether, of the character for truth of the speaker. The fact of the declaration being made, aside from any credit due to the speaker, would be to our minds evidence. 1 *Stark. Ev.* 46. & seq.

Secondly, this declaration was admissible, for the particular purpose for which it was admitted. Such declarations are frequently admissible for some purposes only. 1 *Stark. Ev.* 51. *Bradley* was not certain *when* the events took place. There was some evidence to show, that they took place on the 10th of *December.* *Atwater* was with the executor, when they took place; and was proved, by the judge of probate, to have

been with him on the 10th. This evidence would be corroborated, by showing that the events concerning which *Bradley* testified, must have occurred near the 10th. Now, the declaration made by the executor, showed, that at this time, such an order as he spoke of, had been given. If he had said, that he had just been at *Waterbury*, &c., this certainly would have been admitted in relation to time; and what he did say, is equivalent.

*P. Miner*, on the same side, declined argument.

CHURCH, J.    1. The first and most important question, and upon which the case chiefly depended, in the court below, arises, as well upon the motion in arrest of judgment, as upon the first objection taken to the evidence, as it appears upon the motion for a new trial. And it is this; whether the order of the court of probate, limiting the time for the creditors of the estate of *Levi Cowles*, deceased, to bring in their claims against his estate, to six months from the time of making the order, rather than six months from the time of its publication, was a legal order? Or, what is in effect the same, whether a claim exhibited within six months from the time of the publication of an order of notice, although beyond six months from its date and the commencement of its operation, be within legal time?

The correct determination of this question depends upon the proper construction of the 17th section of the " Act for the settlement of estates, testate, intestate and insolvent." The order of the court of probate, in this case, does not fix the time of the commencement of its own operation; it must be taken, therefore, that the time from which the six months limited was to commence running, was the day of the date of the order. The court might, indeed, have limited six months from some future, reasonable time, and have directed the publication of notice during the intermediate time; and such a course may oftentimes be very proper; but it is not required by law.

The section of the statute under consideration, does not provide, that creditors shall be entitled to six months' notice to bring in their claims against an estate. The object of fixing and limiting some certain and definite periods, within which creditors should make known and exhibit their claims against the estates of deceased persons, was, that such estates might be set-

*Litchfield,*
June, 1836.

Wooden
*v.*
Cowles' exr.

tled within reasonable time, of which periods creditors should have reasonable notice. Courts of probate, after determining the time in which the claims of creditors shall be presented, direct the manner in which notice shall be given to the creditors of such time; and this is all the law requires of such court, in this particular. It does not require of the judge of probate, that he direct six months, or any other length of notice, to be given.

The section of the statute, upon which the question now under consideration arises, was enacted first, in 1782; since which time, it is believed, that the general, if not universal practice under it, has been in conformity with the foregoing views, and such as the court of probate, in the present case, has adopted; which fact ought to go far to fix and settle the construction of the law in question, unless evils may be foreseen to result from it.

A different construction from the one now given to this statute, and such an one as the plaintiff urges, would, as we believe, be attended with practical results extremely embarrassing. Suppose, as the plaintiff claims, the time of limitation begins to run from the time of the publication of the order of notice; how are creditors to know when such order was published, and when the limitation expires? This is an extraneous fact, known to none certainly, but the executor or administrator. A creditor may read the order, as published in a newspaper; but whether it be upon its first or last insertion in such paper, he cannot know. He may see and read the order, as posted upon the sign-post; but how long it has been there, he cannot tell. It is obvious, therefore, that if the limitation begins to run from the time of the publication of the order of notice, creditors can never know when it will expire.

The plaintiff insisted, that the language of the proviso in the same section of the statute, sanctioned his claim. It is thus: " Provided, that any creditors, not inhabitants of this state, shall have liberty to exhibit their claims against any estate, which has not been represented insolvent, within two years after *publication* of the notice aforesaid, &c." We think the plaintiff derives no aid from this proviso, but it corroborates the opinion, which we have already expressed. It is conversant with a different class of creditors, such as reside out of the state, and are not, in legal consideration, parties to the proceedings before

the court of probate. Such creditors have no other means of becoming acquainted with the orders of courts of probate, than the publication of them affords. If the same rule had been intended for these different descriptions of creditors, probably the same language would have been employed.

On this point in the case, therefore, we think the law is, that it is the duty only of the court of probate to limit the time for creditors to bring in their claims, not exceeding eighteen nor less than six months, and to direct the executors or administrators to give notice of the time so limited, in the manner prescribed by law, and as such court may further direct ; and then, if such notice be given in a reasonable time, such creditors as shall neglect to exhibit their claims within the time limited, shall be debarred of their demands. This order of the court of probate, therefore, was valid ; and the evidence offered to prove an exhibition of the plaintiff's claim within six months from the time of publication of the order, but beyond six months from its date, was properly excluded.

2. A second question, presented by the motion for a new trial, is, whether the evidence of the defendant's declaration, made at the store of *S. M. Mitchell*, that the paper he then had, and which he was about to place upon the public sign-post, was a notice of the order of the court of probate upon the estate of *Levi Cowles*, was admissible ?

The question of fact before the jury, was, whether the defendant had complied with the order of the court of probate within a reasonable time. He claimed, that he posted the notice of the probate order upon the public sign-post in *Plymouth*, on the day of its date, and while on his return home from said court of probate. It was admitted, that on the 10th day of *December*, when said order bore date, the defendant, together with one *Atwater*, his surety in the probate bond, were together, at the office of the judge of probate in *Waterbury*, and departed together, on their return home ; and it was proved, that the written notice of said order was prepared, by the judge of probate, and delivered to the defendant, for the purpose of being placed upon said sign-post. It was also proved, that the defendant, in company with the said *Atwater*, came to the store of *Mitchell*, as early as the middle of the month of *December* ; that he had in his hands a written paper, called for nails, for the purpose of affixing said paper upon the sign-post, and *then*

*said,* that the paper was the probate notice aforesaid ; and that he proceeded to nail it upon the post. This evidence of what the defendant said, while in the act of enquiring for the nails and posting the paper upon the sign-post, was neither offered nor admitted to prove the contents of the paper, but to show the character of the acts in which the defendant was *then engaged.* This declaration was certainly a part of the *res gestæ,* a part of the act of posting up the paper upon the public sign-post, and was material as conducing to show, that this paper was the notice drawn up by the judge of probate, and was placed upon the sign-post, on the said 10th day of *December,* as the defendant claimed.

This evidence did not derive its credibility, and thus become evidence, so much by reason of any credit due to the party making it, as from the accompanying and surrounding facts, entirely consistent with it, and corroborating its truth. It became necessary to enquire into the nature of the act in which the defendant was engaged, and of his purpose in performing it. His own declaration, made at the time, without premeditation, and free from suspicion, connected with and corroborated by the act itself, was the best and only evidence, by which this could be proved. This declaration was not the mere narrative or assertion of a fact, by an interested party, but it was a material and characteristic part of the act done, and, as such, was proper and important evidence. 2 *Evans' Poth.* 247. 1 *Phil. Ev.* 202. 1 *Stark. Ev.* 47. *Hoare* v. *Allen,* 3 *Esp. Rep.* 276. *Aveson* v. *Kinnaird,* 6 *East,* 193. *Fellowes* v. *Williamson,* 1 *Moo. & Mal.* 306. (22 *Serg. & Lowb.* 316.)

We advise, that the motion in arrest of judgment be overruled, and the motion for a new trial denied.

In this opinion the other Judges concurred.

Motion in arrest overruled.
New trial not to be granted.