## ARGUED AND DETERMINED

### IN THE

## *Supreme Court of Errors*

#### OF THE

## STATE OF CONNECTICUT.

---

### DEMING *against* CARRINGTON.

Where the defendant in an action of trespass *quare clausum fregit*, justified under a claim of title in *C*, under whom he entered and did the acts complained of; the title depended upon the place of the dividing line between the plaintiff and *C*; and the defendant offered the declarations of *C*, made while he was in the occupation of the land, claiming to be owner, to shew where such line was; it was held, that although *C* was alive, and would be a competent witness for the plaintiff, yet as he was identified in interest with the defendant, such declarations were admissible against the defendant.

It appearing, in such case, that while *C* was in possession, the adjoining proprietor, wishing to dig a ditch in the dividing line, enquired of *C* where the line was; that *C* pointed out the place to him; that he dug a ditch there; and that *C* afterwards told him, that he had seen such ditch, and it was in the line; it was held, that *C* thereby participated in the act of digging the ditch, and his declarations accompanying such act were admissible as part of the *res gesta*.

THIS was an action of trespass *quare clausum fregit*; tried at *Hartford, January* term 1837, before *Bissell*, J.

On the trial, the plaintiff claimed to be the owner of the *locus in quo*. The defendants denied the title of the plaintiff,

and claimed that the title was in *Seth Cowles*, under whom they entered, and did the acts complained of.

The plaintiff and *Seth Cowles* were adjoining proprietors ; and the only point in dispute regarded the place of the dividing line.    The plaintiff claimed, that the line began at a certain white-oak tree standing at or near the corner of a lot of land, belonging to *Ezekiel Cowles*, on one side of the line, and to *Seth Cowles*, on the other ; and that this line was distinguished, by a number of ancient maple trees, formerly marked, running along its course.

For the purpose of proving where these maple trees were, and where the line was, the plaintiff introduced *Egbert Cowles*, son of *Ezekiel Cowles*, as a witness, who testified, that in the year 1818, being desirous to cut a ditch on the line between his father and *Seth Cowles*, he applied to the latter to ascertain where the above-mentioned oak-tree and maple trees were ; and *Seth Cowles* then told him where they were, and that they were in the line between him and *Ezekiel Cowles ;* that according to the directions of *Seth Cowles*, the witness went and found the trees, and commenced digging a ditch in the supposed line, and dug it about eight feet in length ; that he afterwards saw *Seth Cowles*, who told him, that he had seen the ditch, and that it was in the line.    These persons, however, were not on the line together.

The plaintiff also introduced *Samuel Hills*, who testified, that there was a certain stone, which appeared to have been set up as a monument a little *West* of the white-oak tree ; that some years since, he purchased some wood standing on the land now owned by the plaintiff; and that he applied to *Seth Cowles* to know where the line was between his and the plaintiff's land ; that *Seth Cowles* went with him to the land, pointed out the stone, and told him, that it was in the line ; that he cut up to the line so pointed out to him ; and that *Seth Cowles* afterwards told him, it was all right.

To all this testimony the defendants objected, on the ground that *Seth Cowles* was alive, and competent to testify, and in no way interested in this suit.    The judge overruled the objection, and admitted the testimony offered.    The plaintiff obtained a verdict ; and the defendants moved for a new trial.

Hartford,
June, 1837.

Deming
v.
Carrington.

*W. W. Ellsworth*, in support of the motion, contended, That the declarations of *Seth Cowles*, made out of court, were inadmissible in this case, being mere *hearsay*. First, he was not a party, nominally or virtually, but a mere stranger. Secondly, his having been owner of the land, at the time the declarations were made, did not render them admissible. *Fitch* v. *Chapman*, 10 *Conn. Rep.* 8. Thirdly, that the defendants claimed title through or under him, did not produce this effect. *Ibid.* Fourthly, this is not the case of traditionary evidence of what aged persons, since dead, have said concerning a boundary; for *Seth Cowles* is now living, and was a competent witness in this cause, and might have been produced in court. *Nichols* v. *Hotchkiss*, 2 *Day*, 121, 126. *Hedger* v. *Horton*, 3 *Carr. & Payne*, 179. (14 *Serg. & Lowb.* 261.) Fifthly, these declarations were not admissible as part of the *res gestæ*, or as shewing the character of *Seth Cowles'* possession. This was not in controversy; but the only question was, where is the dividing line? To prove this, the declarations were offered, and for no other purpose.

*Hungerford* and *Parsons*, contra, insisted, That the declarations of *Seth Cowles* were admissible. First, they were against his interest, when made. Secondly, they were part of the *res gestæ* and explained the practical construction given by the parties to the deed. Thirdly, *Seth Cowles* could not have been compelled to testify. Fourthly, the defendants claiming under him, are bound by his declarations. *Woolway* v. *Rowe*, 1 *Adol. & Ellis*, 114. (28 *Serg. & Lowb.* 52.) *Pool* v. *Bridges*, 4 *Pick.* 378. *Walker* v. *Broadstock*, 1 *Esp. Rep.* 458. *Claremont* v. *Carlton*, 2 *New-Hamp. Rep.* 369.

HUNTINGTON, J. The objection to proof of the acts and declarations of *Seth Cowles*, is founded on the general rule of law, which excludes hearsay evidence. This salutary rule, we are not disposed to invade, nor are we inclined to extend the exceptions to it. It must, however, be admitted, that there are several classes of cases in which the spirit of this rule is not violated, by the admission of evidence, which, in a limited sense, may be denominated hearsay; and we think the present case falls within one of these classes.

The declarations of a person deceased, while in possession of

real estate, adverse to his title, are admissible against all who claim under him. This principle is so well settled, as not now to be open to discussion. *Beers* & al. v. *Hawley* & al. 2 *Conn. Rep.* 467. *Norton* v. *Pettibone*, 7 *Conn. Rep.* 319. *Rogers* v. *Moore*, 10 *Conn. Rep.* 13. *Carne* v. *Nicoll*, 1 *Bing. N. C.* 430. In the case before us, the plaintiff claimed to be the owner of the premises upon which the alleged trespass was committed. The defendants insisted, that the title was in *Cowles*, under whom they entered; and it was admitted, that the plaintiff and *Cowles* were adjoining proprietors; and the only question in dispute regarded the locality of the division line between them. The acts and declarations of *Cowles*, which were admitted in evidence, had a direct reference to the extent of his possession; were intimately connected with his title as owner, and his possession as occupant; were adverse to his title; and affected the defendants, who claimed through or justified under him. They were admissions relating to the division line between him and the plaintiff; were of the most unequivocal character; were repeatedly made; and were accompanied with acts showing the extent of his possession and his right to occupy; and were directly at variance with the claim made by the defendants, who entered under him. A more appropriate case for the application of the principles to which we have referred, cannot be stated, unless it is limited to cases where the party, whose declarations are offered, is dead, or if alive, is incompetent, or cannot be compelled to testify: and such is the claim of the plaintiff, supported, (as he insists,) by the decision of this court, in the recent case of *Fitch* v. *Chapman*, 10 *Conn. Rep.* 8. It is, undoubtedly, a general rule of law, well calculated to promote the correct administration of justice, that where a person is living and can be called as a witness, his declarations made at another time, cannot be received in evidence. *Barough* v. *White*, 4 *B. & C.* 325. *Spargo* v. *Brown*, 9 *B. & C.* 935. This rule, however, is not universal. It has exceptions, which harmonize with its spirit, and which rest on as broad a foundation as the rule itself. In the case before us, it may, perhaps, be well doubted, whether any necessity exists to refer it to the exceptions. There is certainly much force in the arguments addressed to us, and which presented the case as not embraced by the terms of the rule. The defendants do not claim title *in themselves.*

They do not state, that they are purchasers of the property, or in any manner interested in it. On the contrary, they claim the title to be in *Cowles*, "under whom they entered and did the acts complained of." If they were merely agents of *Cowles*, having no interest in the premises, acting by his direction and at his request, they are *nominal* parties only to the suit, while *Cowles* is the *real* defendant : and under such circumstances, it would be difficult to find any principle of justice or rule of law, which would exclude the admissions and acts of *Cowles*, the real party, adverse to his interest. *Bell* & al. v. *Ansley*, 16 *East*, 141. *The King* v. *Hardwick*, 11 *East*, 578. *Harrison* v. *Vallance*, 1 *Bing*. 48. Besides, if *Cowles* was the principal, and the defendants his servants, it was urged that he was an incompetent witness, or could not be *compelled* to testify. His situation, it was said, did not vary from that of the persons whose declarations were admitted in *Beers* v. *Hawley* & al. 2 *Conn. Rep*. 467., and *Norton* v. *Pettibone* & al. 7 *Conn. Rep*. 319. In the former case, *Miner*, who made the admissions, was alive, but he had mortgaged the premises to the plaintiffs, with covenants of seisin and warranty. In the latter case, *Marks*, although not a party to the suit, had been cited in to defend the title to the land, which he had conveyed to *Pettibone*. *Fitch* v. *Chapman*, 10 *Conn. Rep*. 12. In the present case, *Cowles* is alive, and his name is not on the record as defendant ; but it appears from the motion, that those who are named as defendants, instead of claiming to be the owners of the premises, insisted, that " the title was in *Cowles*, under whom they entered" and committed the alleged trespass. We do not, however, intend to express an opinion upon these points, to which we have thus incidentally referred. We wish to place our decision of the question arising upon this motion, upon principles much broader, and which have received the sanction of our courts, and the courts in *Great-Britain*, and in several of our sister states.

The declarations and acts of *Cowles*, which were received in evidence, related, (as we have before remarked) to the extent of his occupancy. They were made while he was in possession, claiming to be owner ; they were adverse to the title now set up by the defendants ; and were offered against those who claim through him, or justify under him. *Cowles* is, therefore, identified in interest with the persons against whom they were

offered : and where such identity exists, they are admissible, although the person making them is alive and competent to testify.  *Barough* v. *White*, 4 *B. & C.* 325.  *Jackson* ex dem. *Griswold* v. *Bard*, 4 *Johns. Rep.* 230.  *Jackson* ex dem. *McDonald* v. *McCall*, 10 *Johns. Rep.* 376.  *Norton* v. *Pettibone*, 7 *Conn. Rep.* 319.  *Austin* v. *Sawyer*, 8 *Cow.* 39.  *Hale* v. *Smith*, 6 *Greenl.* 416.  Inhabitants of *Claremont* v. *Carlton*, 2 *N. H. Rep.* 369.  *Sylvester* v. *Capro*, 15 *Pick.* 92.  In the argument of the case of *Woolway* v. *Rowe*, 1 *Adol. & Ell.* 114. *Patteson*, J., addressed the following enquiry to counsel : "Have you looked into the cases on this subject, and found that the statement of a person identified in interest with a party to the cause, has never been held admissible, but where the person making such statement was dead ? I have never heard the point so presented before.  I always thought the party's interest at the time of the declaration, was the ground on which the evidence was admitted."  And, *Denman*, Ch. J., in delivering the judgment of the court, says : " The first question raised in this case, was, whether the declarations of a person formerly interested in the estate now the plaintiff 's, were admissible in evidence, where the party himself might have been called.  We think they were receivable on the ground of identity of interest.  The fact of his being alive at the time of the trial, when perhaps his memory of facts was impaired, and when his interest was not the same, does not, in our opinion, affect the admissibility of those declarations, which he formerly made on the subject of his own rights."

The case of *Fitch* v. *Chapman*, 10 *Conn. Rep.* 8., is not opposed to the views we have expressed.  In that case, the declarations of *John Chapman*, (who was alive) were offered to prove what title he intended to acquire, when he took a deed of the premises to himself.  His admissions were, that he made the purchase for the defendant, and not for himself, although the deed was executed to him as sole grantee.  It was an attempt, therefore, by the most dangerous of all evidence,—by his own declarations out of court—to give a construction to the deed, different from that which the law gave to it; and we said, " the deed shows what title he did actually obtain ; and as the question here is merely as to the legal title, *that* is settled by the deed itself."  Besides, it does not appear, that these declarations were made while *John Chapman* was in posses-

sion; nor were they adverse to any title which *he claimed* to have in the property; nor had they the slightest reference to the nature or extent of his occupancy. It is not easy to perceive any analogy between that case and the one now before us.

*Hartford,*
*June, 1837.*

Deming
*v.*
Carrington.

There is another view in which the question submitted to us may be considered, and from which it will be apparent, that the evidence was properly received     *Cowles* was in possession as adjoining proprietor, and directed where the ditch was to be dug, which was to be in the dividing line between himself and the plaintiff.    He pointed out the place of that line; made himself a party to the act of digging the ditch there; and may and ought to be treated as having participated in that act.    Being then in possession of the adjoining land, and occupying up to a certain place, his declarations accompanying his acts, were admissible as part of the *res gestæ*, showing the extent of his right to occupy and his occupancy in fact.    *Williams* v. *Ensign*, 4 *Conn. Rep.* 456.    *Davis* v. *Pierce* & al. 2 *Term Rep.* 53.    *Pool* v. *Bridges*, 4 *Pick.* 378.    *Wooden* v. Executors of *Cowles*, 11 *Conn. Rep.* 292.

The ruling of the superior court was correct; and a new trial ought not to be granted.

In this opinion the other Judges concurred.

New trial not to be granted.