[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DETERMINATION OF PRIORITIES (No. 110)
A. FACTS
The pertinent facts were taken from the parties stipulation of facts dated October 6, 1995 and filed with the court on October 18, 1995. The defendant, Hartford Federal Credit CT Page 14635 Union, herein Hartford, has filed this motion for this determination of priorities between the mortgages of Hartford and Joan St. Pierre, herein Joan. Hartford claims an interest in a condominium Unit known as Unit 5 of the Hidden Glen Condominium complex and carport "J" and "I", 10 Cianci Avenue, Plainville, Connecticut, herein the property, by virtue of a mortgage from David M. and Barbara St. Pierre, in the principal sum of $80,000.00, recorded on March 18, 1987. Joan and Donald St. Pierre claim an interest in the property, by virtue of a mortgage deed from David M. and Barbara St. Pierre, in the principal sum of $17,000.00, recorded on March 25, 1987. Hartford claims an interest in the property by virtue of a mortgage from David M. and Barbara St. Pierre, in the principal sum of $97,300.00, by virtue of a mortgage deed dated and recorded on July 28, 1992. A portion of this mortgage paid off the prior $80,000.00 mortgage which had a payoff balance of $73,689.64 at that time. Coextensive with this mortgage, a subordination agreement, dated and recorded on July 24, 1992, was prepared by Hartford and signed by Donald St. Pierre only. At the time the subordination agreement was executed, the Land Records of the Town of Plainville indicated no change of ownership of the prior mortgage in favor of Joan and Donald St. Pierre. It is stipulated that Hartford would not have disbursed the payoff of the prior mortgage (i.e. the $73,689.64) if it had known of the intervening St. Pierre Mortgage (Joan's interest). Rather, Hartford thought it was obtaining a first mortgagee position.
The balances of the outstanding mortgages as of October 1995 were as follows: Hartford's mortgage of $97,000.00 is now $112,747.26; St. Pierre's mortgage of $17,000.00 is now $32,735.63, no payments ever having been made. The fair market value of the property, at the time of the entry of the judgment of foreclosure, was found to be $70,000.00.
B. DISCUSSION
There are two issues that need to be resolved in order to determine the relative priorities among the parties. First, whether the doctrine of equitable subrogation applies to this case and permit Hartford to take priority up to the amount due on its original first mortgage of $73,689.64. Second, if the first issue is found in favor of Hartford, then whether the failure of Hartford to obtain Joan's signature on the subordination agreement precludes Hartford from assuming priority to the full amount due on its subsequent mortgage in the original CT Page 14636 amount of $97,300.00.
1. Defendant Hartford has requested that this court determine which parties have priority in payment of the foreclosure proceeds in the amount of $70,000.00. The existing mortgage debt on the property as of October 1995 totalled approximately $145,482.89. Clearly, there are insufficient foreclosure assets to pay off all of the outstanding mortgages.
"The law relating to the priority of interests has its roots in early Connecticut jurisprudence. A mortgage which is recorded first is ordinarily entitled to priority so long as every grantee is provided a reasonable time to get his deed recorded." Connecticut Bank Trust v. Trolley Barn, Superior Court, judicial district of New London at New London, Docket No. 5092213 Conn. L. Rptr. 588 (January 4, 1991) (Leuba, J.) quoting from Beers v.Hawley, 2 Conn. 467, 469 (1818). Determining the priorities in a foreclosure action is an equitable action. Connecticut Bank Trust v. Trolley Barn, Superior Court, judicial district of New London at New London, Docket No. 509221 2 Conn. L. Rptr. 391
(September 12, 1990) (Walsh, J.).
 [B]ecause a mortgage foreclosure is an equitable proceeding, the trial court may consider all relevant circumstances to insure that complete justice is done . . . Although equitable power must be exercised equitably . . . [t]he determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court . . . (Internal citations omitted.).
Reynolds v. Ramos, 188 Conn. 316, 320, 449 A.2d 182 (1982).
In resolving the issue presented, the court should examine not only the order of recording, but the intent of the parties in making the mortgages. "Equity always looks to the substance of a transaction and not to mere form." ConnecticutNational Bank v. Chapman, 153 Conn. 393, 397, 216 A.2d 814
(1966); McGaffin v. Roberts, 193 Conn. 393, 404, 479 A.2d 176
(1984), U.S. cert. denied 470 U.S. 1050, 105 S.Ct. 1747 ("In an equitable action the court endeavors to do complete justice . . ."). "[E]quity will look behind the legal title and if necessary determine the rights of the parties in disregard of it." CT Page 14637Homeowners Loan Corporation v. Sears, Roebuck Company,123 Conn. 232, 244, 193 A.2d 769 (1937).
As to the first issue, whether the doctrine of equitable subrogation applies to this case and permit Hartford to take priority up to the amount due of $73,689.64 on its original first mortgage?
The first mortgage was from Hartford in the original principal sum of $80,000.00, recorded March 18, 1987. The next mortgage was from Joan and Donald St. Pierre, in the original principal sum of $17,000.00, recorded March 25, 1987. The mortgage deed clearly reflected both Joan and Donald as mortgagees. Although this mortgage was recorded March 25, 1987, it appears from a review of the record, that no payment on it was ever made during the eight years of the mortgage's existence.
Hartford argues in its memorandum in support of priority that it should maintain its priority by virtue of the doctrine of equitable subrogation. Joan argues in her motion in support of her priority that her interest remains superior based on contract law and the Uniform Commercial Code. In the opinion of this court, Hartford's position is the correct one.
"Equitable subrogation allows a person who pays a lien holder to assume the same priority position as the lien holder held. The party paying the lien can step into the place of the paid-off encumbrancer" Prudential Home Mortgage Corp.v. Johnson, Superior Court, judicial district of New Haven at New Haven, Docket No. 91-0316455 (April 6, 1993) (Vertefeuille, J). Equitable subrogation permits the payor to take the priority position of the lien holder, but only to the extent of the prior lien. Id.
In this case, Hartford's discharge of the first mortgage in the amount of $73,689.64 and replacement with a new mortgage of $97,300.00. entitles it, in the very least, to an equitable claim in the amount paid, i.e. $73,689.64, and the remainder may be subsequent to Joan's priority.[1]
Joan argues that since she was not a party to the subordination agreement, the discharge of the first mortgage by Hartford, elevates her interest to that of a first mortgage. To allow this to occur, would create a windfall for Joan. "[T]he subrogation will not work any injustice to the rights of CT Page 14638 others [Joan]." Household Realty v. Martin, Superior Court, judicial district of Litchfield, Docket No. 0054221 (February 5, 1994) (Walsh, J.).
In Household Realty the court was faced with determining the order of priorities of the parties where the failure of the new mortgagee to obtain a release created a priority problem. In that case, the mortgagee, Centerbank, paid off the plaintiff's existing mortgage when loaning the money to be secured by a mortgage. Centerbank received a promise by the plaintiff that it would execute a release. The plaintiff failed to execute the release and the original mortgage appeared to have priority to Centerbank's mortgage based on the land records. In finding the doctrine of equitable subrogation and equitable estoppel applicable, the court stated: "Centerbank did not act as a volunteer; the debt paid was one for which Centerbank was not primarily liable; the entire debt was paid, the subrogation will not work any injustice to the rights of others. . . . Therefore, Centerbank is equitably subrogated to the plaintiff's claim of priority." Id., 8.
Similarly, in the case at hand, Hartford did not act as a volunteer in paying off the first mortgage, said mortgage being prior to the St. Pierre mortgage. The stipulation of facts stated that Hartford would not have disbursed the payoff of the prior mortgage (i.e. the $73,689.64) if it had known of the intervening St. Pierre mortgage. Rather, Hartford thought it was obtaining a first mortgage position.
Permitting Hartford to retain its original priority position would not work an injustice on Joan's interest, regardless of whether she was a party to the subordination agreement. Joan's interest has always been subordinate to Hartford in the amount of $73,689.64. Beers v. Hawley, supra, 2 Conn. 467. It is only due to the negligence of Hartford that Joan is able to make a claim of first priority. Absent Hartford's negligence, Joan would not have such a claim. However, since Hartford paid off the first mortgage without obtaining Joan's signature on the subordination agreement, the second issue becomes relevant.
2. The second issue for this court's determination is whether the failure of Hartford to obtain Joan's signature on the subordination agreement precludes Hartford from assuming priority to the full amount of the subsequent mortgage in the CT Page 14639 original amount of $97,300.00?
Hartford's argument for full priority over Joan is based on Connecticut National Bank v. Chapman, supra, 153 Conn. 393. Hartford contends that this court has the discretion to grant it relief where a party will be unjustly enriched due to their negligence or simple mistake. On the other hand, Joan argues that since she was not a party to the subordination agreement, nor is it alleged that she was aware of its existence, that she should not be bound by its terms[2]. Further, Joan argues that the recording statute ensures her priority over the subsequent mortgage, at least to the extent which the amount of the new mortgage exceeds the prior mortgage, she was subordinate to.
Connecticut General Statutes § 47-10 requires that all interests in land, including mortgages, be recorded on the land records of the town in which the land lies in order to be effective. In Second National Bank v. Dyer, 121 Conn. 263,267-68, further review at 126 Conn. 101, 9 A.2d 503 (1936) the court held that a mortgage is a conveyance falling within §47-10. Since all mortgages are to be recorded, there is a presumption in the law that one taking a mortgage upon land knows of all prior encumbrances of record affecting it. HomeownersLoan Corporation v. Sears, Roebuck Company, supra 123 Conn. 242;Connecticut Bank Trust v. Trolley Barn, supra, Superior Court, judicial district of New London at New London, Docket No. 509221 3 Conn. L. Rptr. 588 (January 4, 1991) (Leuba, J.).
The intent of Hartford in making the $97,300.00 mortgage is clear, it was made with the intent of becoming a first mortgagee in the amount of $97,300.00. In this court s opinion Hartford was negligent in failing to detect Joan's na name on the mortgage deed at the time that it drafted and executed the subordination agreement with Donald. The stipulation of facts states that Joan was unaware of the subordination agreement signed by her husband. Although Joan was not a party to the subordination agreement, this court must decide whether she should be made subject to its terms.
In examining Joan's intent, it is found that her intent in making the mortgage is unclear. The record discloses that there has never been a payment on her mortgage in the eight years of its existence. Although it does not appear that this was a debt which she ever intended to satisfy through CT Page 14640 foreclose, this court finds that she would not be receiving a windfall if she was allowed to maintain her priority after the $73,689.64. Accordingly, this court decides that her interest should not be further subordinated. Equity will not intervene to benefit one who is the victim of his own negligence, where to do so would work an inequity on another. Homeowners LoanCorporation v. Sears, Roebuck Company, supra 123 Conn. 243.
Hartford has failed to show how Joan would be unjustly enriched by her retaining her former priority. Instead, Hartford has merely shown how it would be adversely affected. Although it is true Joan's husband has agreed to subordinate his interest, his signature is not binding upon his wife. SeeIannotti v. Ciccio, 219 Conn. 36, 45, 591 A.2d 797 (1991) (marriage does not, in itself, establish an agency relationship). Further, Hartford is the negligent party here, not Joan. Lastly, Joan is not being unjustly enriched, because Hartford's original interest is still being protected. Balancing the equities in this case, even though Joan has failed to collect any money on her mortgage over the past eight years, absent her agreement to subordinate her interest, she is entitled to her priority status.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendant's motion for order of priorities, ought to be and is hereby granted.
Accordingly, the order of priorities is as follows:
1. Hartford Federal Credit Union $73,689.64
2. Ms. Joan St. Pierre $32,735.63
3. Hartford Federal Credit Union $39,057.62
It is so ordered.
ARENA, J.