## ROGERS *against* MOORE.

Where a material witness, introduced by the plaintiff in an action of ejectment, was not a stranger, and no attempt had been made to impeach his general character for truth, though the defendant had attempted to impair the credibility of his testimony, by cross-examination, by the testimony of other

*New-London,*
*July, 1833.*

Rogers
*v.*
Moore.

witnesses to facts inconsistent with those stated by him, and by shewing that he had been privy to a fraud in the deed under which the plaintiff claimed title ; it was held, that evidence of the general good character of this witness, was inadmissible.

The declarations of a former owner of the land in controversy, since deceased, made while he was owner, against his title, are admissible against others claiming under him.

THIS was an action of ejectment; tried, on the general issue, at *Norwich, March* term, 1833, before *Williams,* J.

The plaintiff claimed title to the demanded premises, under *Benjamin Brown,* jun. ; and in support of his claim, introduced *Benjamin Brown,* sen. as a witness, who testified to facts materially to the issue. The defendant, by his cross-examination of this witness, and by the testimony of other witnesses to facts inconsistent with some of the facts stated by *Brown,* attempted to impair the credibility of *Brown's* testimony, and to shew, that the was knowing to the alleged fraud in the deed from his son *Benjamin Brown,* jun. It appeared, that *Brown,* the witness, had long lived in the vicinity ; and no evidence was offered against his general character. Under these circumstances, the plaintiff offered testimony to prove his general character to be good. This being objected to, the judge ruled it out, considering his general character as not having been impeached.

In the progress of the trial, the defendant offered to prove the declarations of *Benjamin Brown,* jun., while owner of the land, as to facts inconsistent with his claim of title ; he having since died. This evidence was objected to, on the ground that he was neither party nor witness. The judge overruled the objection, and admitted the evidence.

The defendant having obtained a verdict, the plaintiff moved for a new trial.

*Goddard* and *Isham,* in support of the motion, contended, 1. That after the credit of the witness had been impeached on cross-examination, and after the imputation of participating in a fraud had been cast upon his character, evidence in support of his general character was admissible. The defendant, in this manner, had had all the advantage of a direct impeachment of character. 1 *Stark. Ev.* 147, 8. 3 *Stark. Ev.* 1757, 8. *Rex* v. *Clarke,* 2 *Stark. Ca.* 241. *Bishop of*

*Durham* v. *Beaumont*, 1 *Campb.* 207. *Doe* d. *Walker* v.
*Stephenson,* 3 *Esp. Rep.* 284. *Doe* d. *Stephenson* v. *Walk-*
*er,* 4 *Esp. Rep.* 50. *The State* v. *De Wolf,* 8 *Conn. Rep.*
93. 4th point.

2. That the declarations of the younger *Brown,* who was
neither a party nor a witness, were inadmissible. He was,
indeed, the owner of the land; but it does not appear, that he
was then claiming title. [ *Williams,* J. observed, that this
was a perversion of the motion, as allowed.]

*Brainard* and *Strong,* contra, contended, 1. That the
plaintiff could not confirm the testimony of his witness, by
proof of general character. To admit it in this case, would be
to sanction its admission in every case where there was evi-
dence on both sides; for it might be said with as much truth
there as here, that the credit of the witnesses on one side, was
impeached, by the testimony of those on the other side. And
even where there was no contradictory or opposing testimony,
the credibility of a witness might be impaired, by manifest for-
getfulness, embarrassment, confusion of ideas, reluctance to tes-
tify, &c. Now, if in all these cases, the general character of the
witness is to become the subject of investigation,—as it must be
upon the principle claimed,—it would render trials intermina-
ble. Such a rule, if adopted, would be too burdensome to be
tolerated in practice. But no such rule has ever been laid
down. The established general rule is against the proof of
general character in confirmation of a witness's testimony.
The instances in which it has been admitted, are *exceptions*
to the general rule, and so declared to be. *Doe* d. *Stephen-
son* v. *Walker,* 4 *Esp. Rep.* 50. was the case of subscribing
witnesses to a will, who were *dead.* In *The State* v. *De Wolf,*
8 *Conn. Rep.* 93. 101. the decision turned on the *peculiar
condition* of the witness. *Rex* v. *Clarke,* 2 *Stark. Ca.* 241.
was an indictment for an assault with intent to commit *a rape.*
Besides, the prosecutrix, having been cross-examined as to
crimes committed by her several years before the alleged of-
fence, and having no relation to it, was only allowed to shew,
that her character had since been good.

Further, the motion discloses only an *attempt* to impair the
credit of the witness; not an actual impeachment. The case
is not as strong as that of *The Bishop of Durham* v. *Beau-*

*mont,* 1 *Campb.* 207. 210. where Lord *Ellenborough* decided, that there was no case laid for admitting evidence of character. No fraud, or even improper conduct, in the witness, appears.

2. That the declarations of the younger *Brown,* made while he was the owner of the land in controversy, against his title, were admissible against the plaintiff claiming under him. This was explicitly decided in *Norton* v. *Pettibone* & al. 7 *Conn. Rep.* 319. 323. where other cases to the same point, are collected.

CHURCH, J.   The witness, in support of whose general character evidence was offered and rejected, was not a stranger; and no attempt had been made, on the trial, to impeach his general character for truth; but an attempt had been made to impair the credit of his testimony in the case, as well by the manner of conducting his cross-examination, as by the testimony of other witnesses, and also by attempting to prove that he had been privy to a fraud in the deed under which the plaintiff claimed.

But all this was not sufficient to render admissible the evidence offered in support of the general character of the witness, so long as that general character had not been attacked. And it is believed, that this position is supported, by the uniform practice of the courts in this State.   And to innovate now on a course of judicial practice, so well understood, and which has never produced inconvenience, might be attended with embarrassing consequences.

It would be desirable, indeed, if the real merits and motives of witnesses could be known; but as this is impossible, courts can only adopt such rules of evidence, as will, probably, best tend to elicit the truth, consistently with the constitutional right of all suitors to have justice administered without delay.

To discredit the stories of witnesses, is a part of the business of almost every trial; and the methods to which the ingenuity of counsel will resort, to effect this, are various. Sometimes, it is done, by a critical cross-examination; sometimes, by the contradictory testimony of others; and frequently, by an impeachment of the general character of the witness. But if the credibility of a witness is impaired, otherwise than by an impeachment of his general character; as if it be shewn, that he is

New-London,
July, 1833.

Rogers
v.
Moore.

under the influence of partiality or prejudice; and therefore, an issue is to be joined and tried upon his general reputation for truth; it would very much embarrass the progress of trials. And this cannot be necessary; because the law presumes the general character of a witness to be good until it shall be impeached.

But two exceptions to the uniform practice on this subject, in this State, are recollected; and these are in prosecutions for rape, or for assaults with intent to ravish; and where the witness stands in the situation of a stranger before the court. *State* v. *De Wolf*, 8 *Con. Rep.* 93.

It is said, however, that the practice of the *English* courts is at variance with ours. If this were so, it would constitute no good reason for a departure from our own usages, in which no evils have been discovered. It is true, that the course of enquiry to produce an impeachment, in the courts of some of our sister States and in *England*, differs, in some respects, from the practice of the courts of this State; and this may there render proper a greater latitude of enquiry in support of character. But it is doubted whether even in *England* a latitude as great as in this case is claimed by the plaintiff, would be permitted.

*Starkie*, in the 3d volume of his Treatise on *Evidence*, (*page* 1757.) says: " In all cases, where the credit of a witness has been attacked, whether by general evidence, or by particular questions put upon cross-examination, *it seems*, that the party who called him, is at liberty to support his character, by general evidence of good character." And in support of this conjecture, he cites the *Nisi Prius* case of *Rex* v. *Clark*, 2 *Starkie's Cas.* 241. That was an indictment for an assault, with an intent to commit a rape, in which the character of the prosecutrix is always material, and from the peculiar character of the crime charged, may always be shewn, whether attacked or not. And in that case, it was the prosecutrix, the subject of the assault, whose conduct and situation were permitted to be proved, to repel the inference derived from a fact admitted by her, upon her cross-examination, that before that time, she had committed a crime. The principle of that case, in this view of it, is precisely the same as that recognized by this Court, in the case of *State* v. *De Wolf*, 8 *Con. Rep.* 93. But even in the case of *Rex* v. *Clarke*, evidence was not offered to support the general character of the witness, but to

3

*New-London,*
*July, 1833.*

Rogers
*v.*
Moore.

prove only what had been her conduct in a particular situation since the commission of the crime she had thus acknowledged.

Again, it is claimed, that because an attempt was made, at the trial, to show, that the witness had participated in a fraud, in relation to the deed about which he testified, that this was such an impeachment, as called for the support of his general character. But this does not furnish an exception to the rule. The case of *Doe* d. *Stephenson* v. *Walker*, 4 *Esp. Cas.* 50. relied upon, by the plaintiff, as supporting this claim, falls far short of it. There, an attempt was made to impeach a will, on the ground of fraud in procuring it ; and the fraud was imputed to the attesting witnesses, who were dead, and could not explain the transaction in court : and for this reason it was, that the court, in that case, admitted evidence of their general character, as an exception to what Lord *Kenyon* then said was the general rule on this subject. *Bishop of Durham* v. *Beaumont*, 1 *Camp.* 207. *Peake's Ev.* 6. *Wright* d. *Clymer* v. *Littler*, 3 *Burr.* 1244.

As to the second question presented by this motion, but a word need be said. The plaintiff claimed title under *Benjamin Brown* jr., now deceased ; and the defendant offered to prove *Brown's* declarations while he owned the land, as to facts claimed to be inconsistent with his claims of title ; and these declarations were admitted to be proved.

The principle, that the declarations of a person deceased, while in possession of the premises, against his title, are admissible against all persons claiming under him, has been too recently settled in the case of *Norton* v. *Pettibone,* 7 *Con. Rep.* 319. and before that, in the case of *Beers* & al. v. *Hawley,* 2 *Con. Rep.* 467., to be considered now open for discussion. Vid. also *Davies* v. *Pierce* & al. 2 *Term Rep.* 53. *Waring* v. *Warren,* 1 *Johns. Rep.* 340. *Jackson* d. *Griswold* v. *Bard,* 4 *Johns. Rep.* 230. *Jackson* d. *McDonald* v. *McCall,* 10 *Johns. Rep.* 377. *Uncle* v. *Watson,* 4 *Taun.* 16. 1 *Stark. Ev.* 70. 1 *Phil. Ev.* 25.

I think it very clear, therefore, that the superior court ruled correctly upon both points presented by this motion ; and that a new trial ought not to be granted.

The other Judges were of the same opinion.

New trial not to be granted.