* Jewett, J.
 

 There is but a made in this case for determination; and that *- is, whether the decision of the court below, excluding the evidence offered by the defendant of the genera] good character of the witness, Wood, for truth and veracity, was correct. This witness had been called by the defendant and examined, and had given material evidence in the cause; he was then cross-examined in behalf of the people, and testified, that he had been prosecuted before a magistrate upon a charge of perjury, and committed for trial, upon the complaint of L. & G. Raymond; that the perjury alleged to have been committed was in a suit, tried in September previously, in favor of the defendant, against the two Raymonds.
 
 [1]
 

 The general rule is, that a party can only give evidence of the good character of his witness, where his general character for truth has been first attacked by witnesses who have spoken in regard to it, called on the other side. It is not pretended, that there had been an attack, in any form, upon the general character of the witness, Wood, by the evidence of any witness, or that any witness had spoken in any respect to it. But it is urged on the part of the defendant, that the evidence given by Wood himself, on his cross-examination, to which I have referred, impeached or tended to impeach his general character for truth, and, therefore, laid the foundation for giving evidence to sustain it.
 
 People
 
 
 *379
 
 v.
 
 Rector,
 
 19 Wend. 569,
 
 Carter
 
 v.
 
 People,
 
 2 Hill 317, and
 
 People
 
 v.
 
 Hulse,
 
 3 Id. 309, haye been cited as sustaining the proposition.
 

 The case of
 
 Carter
 
 v.
 
 People
 
 was this: Carter was indicted and tried and found guilty of perjury; at the trial, a material witness for the defendant testified, on his cross-examination by the prosecution, that he had been complained of and bound over on a charge of passing counterfeit money; upon which the counsel for the defendant offered to give evidence of the good character of the witness for truth, which the court, on objection, rejected; on
 
 certiorari
 
 brought, the supreme court said, that upon the principle established in
 
 People
 
 v.
 
 Rector,
 
 the prisoner was entitled to the benefit of the proof offered, and ordered a new trial upon that ground. * 380 1 *"*"* canno* be denied, but that if the judgment -* in that case» can be upheld, it fully sustains the defendant’s proposition in this case, for the question there made is identical with the question made here.
 

 It is proper to remark, that the rule of evidence applicable in such cases, was not at all discussed by the court in that case. It was decided on the argument, the court assuming, that the decision in
 
 People
 
 v.
 
 Redor
 
 established the principle contended for in behalf of the defendant in that case. But it seems to me, that there is a wide difference in principle applicable to the two cases. In
 
 People
 
 v.
 
 Rector,
 
 it had been shown by the cross-examination, that the witness was a man of grossly immoral habits and conduct, and the decision was, that this evidence impeached his general moral character and laid the foundation for the party calling the witness to sustain him, by evidence in reply of general good character for truth. It is not necessary, on this occasion, to express an opinion, whether I should be able to agree with the court in that decision; that is, that the evidence could not, on the cross-examination of the witness, tend" to impeach his general character,
 
 *380
 
 within the rule allowing replying evidence of general good character for truth. In the case of
 
 Carter
 
 v. People, the witness, on his cross-examination, did not admit or give evidence to any immoral conduct; all that he testified to in that respect was, that he had been complained of and bound over on a charge of passing counterfeit ■money. The law presumed this witness innocent, and no guilt was proved by the evidence; the single fact that he had been complained of and held for trial for the commission of a crime, did not affect his moral character.
 

 I think, that it was correctly said by Mr. Justice Parker, in delivering the judgment of the court below in this case, that both of these decisions have, in effect, been overruled by the decision in
 
 People
 
 v.
 
 Hulse
 
 (3 Hill 309). That was a trial of an indictment against Hulsé for a rape; the defendant attempted to discredit the testimony of the complainant; first, by showing, on her cross-examination, that her evidence was *im- „ 7 r * 38i probable in itself; secondly, by disproving some L of the facts to which she testified; thirdly, by evidence that her conduct was inconsistent with the idea of the offence having been committed; and fourthly, by calling witnesses to show that the account which she had given of the matter out of court, did not correspond with her statement under oath as a witness. It was held, that this was not an attack on the general character of the witness, and, consequently, evidence of her general good character was not admissible in reply.
 

 In my judgment, the rule was correctly stated and sustained in
 
 People
 
 v.
 
 Hulse,
 
 and in the judgment of the court below in the case under consideration; that, in general, a party will not be permitted to give evidence of his witness’ good character, until it has been attacked on the other side, either by the evidence of witnesses called for such purpose, or by the evidence of the witness on cross-examination, going to impeach his genera]
 
 *381
 
 character. There are several other well-considered cases which sustain the principle stated; among them are
 
 Russell
 
 v.
 
 Coffin
 
 (8 Pick. 143) and
 
 Rogers
 
 v.
 
 Moore
 
 (10 Conn. 13). It is unnecessary to review them at this time; that was ably done by the late Mr. Justice Bronson in the cases of
 
 People
 
 v.
 
 Rector
 
 and
 
 People
 
 v.
 
 Hulse,
 
 and by Mr. Justice Parker in delivering the judgment of the court below in this case. The judgment should be affirmed.
 

 [1]
 

 See People
 
 v.
 
 Crapo, 76 N. Y. 293.