Johnson v. The State.

--------◦-◦-◦---------

JOHNSON v. THE STATE.

CRIMINAL LAW AND PRACTICE—EVIDENCE.—In a criminal trial upon indictment, after the State has introduced her testimony, and the defendant has introduced his, but has not attempted to impeach the witnesses produced by the State, it would be error to allow the State to introduce testimony as to the general moral character, or standing for integrity, of her witnesses. The character of a witness is presumed to be good until impeached.

APPEAL from the *Knox* Circuit Court.

WORDEN, J.—The appellant, together with four others, was indicted for the murder of *George Purcell*.

The appellant was tried, convicted, and sentenced to imprisonment in the State Prison for life.

On the trial of the cause the State introduced and examined as a witness one *William F. Smith*. After the defendant's evidence had been introduced, the general character of said *Smith* not having been impeached, the State, by way of rebutting, introduced a witness who was acquainted with the general moral character of the witness, *Smith*, and offered to prove what that character was, but this evidence, on objection being made by the defendant, was excluded, and, as we think, rightly. But the Court permitted the same witness and several others, to testify as to *Smith's* "standing for integrity."

Johnson *v*. The State.

To the introduction of this evidence exception was taken, and it was one of the grounds for which a new trial was asked.   We are of opinion that the Court erred in admitting the evidence.   Proof of the witness' "standing for integrity" was only an indirect mode of proving his general moral character, evidence of which the Court had excluded.

The character of the witness not having been impeached, it was incompetent to support him by evidence of his general moral character, or that which is equivalent to such evidence. *Prewitt* v. *Cox*, ante, page 15.   In addition to what is said in the case above cited, we quote the following passage from the opinion of the Court in the case of *Rogers* v. *Moore*, 10 Conn. 13: "To discredit the stories of witnesses, is a part of the business of almost every trial; and the methods to which the ingenuity of counsel will resort to effect this, are various. Sometimes it is done by a critical cross-examination; sometimes by the contradictory testimony of others; and frequently by an impeachment of the general character of the witness.   But if the credibility of a witness is impaired, otherwise than by an impeachment of his general character, as if it be shown that he is under the influence of partiality or prejudice; and, therefore, an issue is to be joined and tried upon his general reputation for truth, it would very much embarrass the progress of trials.   And this can not be necessary, because the law presumes the general character of a witness to be good until it shall be impeached."

*Per Curiam.*—The judgment below is reversed.

*John Baker*, for the appellant.

*Oscar B. Hord*, Attorney General, and *R. A. Clements*, Prosecuting Attorney, for the State.