*J. Gavin* and *J. D. Miller*, for appellants.

---

## MEIKEL *v.* THE STATE SAVINGS INSTITUTION OF CHICAGO.

PROMISSORY NOTE.—*Alteration.*—*Burden of Proof.*—In an action on a note negotiable by the law merchant, where the defendant alleges an alteration of the note after he had signed it, if there be no indication of such alteration

appearing on the face of the note, the burden of this issue is upon the defendant.

APPEAL from the Marion Common Pleas.

WORDEN, C. J.—This was an action by the appellee, as the holder, against the appellant, as the maker of the following promissory note:

"$583.33.                    INDIANAPOLIS, July 13th, 1866.

Six months after date, I promise to pay to the order of William Wallace, five hundred and eighty-three dollars and thirty-three cents, at the First National Bank of Indianapolis; value received, without any relief from valuation or appraisement laws.

(Signed)                    JOHN M. MEIKEL."

There was an answer of eight paragraphs filed, but as no question arises upon any of them except the eighth, none other than that need be noticed. That paragraph is as follows:

"For a further answer to said complaint the defendant, Meikel, says that he did not execute the note sued upon in the form in which the same is declared upon and copied in the complaint; that since he signed and delivered said note to the payee, William Wallace, the same has been altered by inserting, where they now appear in said note, these words, viz: 'at the First National Bank of Indianapolis.' Wherefore, etc." Verification. Replication in denial.

The cause was submitted to the court for trial, and the court, having found for the plaintiff generally, was requested to make a special finding, in order that exception might be taken to the conclusions of law upon the facts found, and the court thereupon made the following special findings and conclusion of law thereon:

"The court finds, as a question of law, that the burden of proof is upon the defendant to show that the note sued on was altered by inserting the words, 'First National Bank of Indianapolis,' after the note was signed by the defendant, Meikel, there being no indication of alteration appearing on the face of the note.

" Secondly, the court finds, as a question of fact, that there is no preponderance of evidence showing that the note was altered by inserting the words 'First National Bank,' etc.

" Thirdly, the evidence does not show that the plaintiff had any knowledge of any fraud in the consideration of the note."

The third finding has reference to questions arising under the other paragraphs of the answer, and need not be further noticed.

The first finding seems to be compounded of law and fact, viz: reversing the order of the finding, it finds that there was " no indication of alteration appearing on the face of the note," and as a legal conclusion, it is found that in such case the burden of proof is on the defendant to show the alteration. This finding was excepted to by the defendant, and it presents the only question arising in the record, except that arising on the overruling of a motion for a new trial on account of the insufficiency of the evidence to sustain the finding.

We are of opinion that there was no error in the conclusion of law above stated, of which the appellant can complain. The burden of the issue formed on the paragraph of the answer, above set out, was on the defendant, because the paragraph was affirmative in its character, and admitted everything that the plaintiff would have been bound to prove in order to recover. It admitted the signing and delivery of the note, but alleged a subsequent alteration. The signing and delivery of the note, the facts admitted, entitled the plaintiff to recover, unless some evidence was given of the alleged alteration. Suppose instead of the special answer thus filed, the defendant had pleaded the general denial under oath; it is clear that although under it he might have shown the alteration, yet the plaintiff would only have been required to prove the genuineness of the defendant's signature and the delivery of the instrument (which latter might be inferred from the plaintiff's possession), in order to entitle him to recover, in the absence of any evidence of the alleged

alteration. Under the pleading here, if neither party had offered any evidence, the plaintiff would have been entitled to recover; hence, the burden of the issue was on the defendant.

It is laid down by Mr. Greenleaf, that "if, on the production of the instrument, it appears to have been altered, it is incumbent on the party offering it in evidence to explain this appearance." 1 Greenleaf Ev., section 564. We shall not enter upon any discussion as to the correctness of this rule, or examine the various and conflicting authorities upon the subject.

The court found that the note in question did not furnish a case for the application of the rule; in other words, the court found, as a matter of fact, that there was "no indication of alteration appearing on the face of the note."

Where such is the case, the burden of proving the alteration lies upon the defendant, even as respects commercial paper. *Davis* v. *Jenney* 1 Met. 221.

Admitting, for the purposes of this case, that the rule above quoted from Greenleaf is right, still the conclusion of the court upon the point of law was right. The court was trying the facts in the case instead of a jury, and as such found that there was "no indication of alteration appearing on the face of the note," and concluded, as matter of law, that in such case the burden of proof of the alteration lay upon the defendant. Whether or not the note appeared to have been altered, could only be determined by inspection; and such inspection might be made by the court or jury trying the cause, and constitute a part of the evidence in the cause. Now, had the cause been tried by a jury, and the note given in evidence, the court might very properly have said to the jury, "the note is before you, and you are at liberty to inspect it, and if you find on inspection that 'no indication of alteration appears on the face of the note,' the burden of proving the alleged alteration lies upon the defendant." And if the law requires the holder of a note appearing to have been altered to explain it, the court might have given the converse of the proposition and said to the jury that if the note

appeared to have been altered, the burden of explaining the alteration lay upon the plaintiff. All this is perfectly consistent with the proposition, that the burden of the issue lay upon the defendant. Whether or not the note appeared to have been altered, was simply a matter of evidence; and if on the trial the note appeared to be altered, and if that called upon the plaintiff to explain, the case was made out for the defendant *prima facie,* and the burden would then be shifted on to the plaintiff. This making out a *prima facie* case by the evidence, and thus casting the burden of meeting it on the other side, occurs in every day practice.

There being no preponderance of evidence showing that the note was altered, it follows that the general finding for the plaintiff was right.

The evidence, we think, fairly sustains the finding.

The judgment below is affirmed, with costs, and five per cent. damages.

*M. M. Ray, J. W. Gordon, W. March, W. R. Manlove,* and *Troxell,* for appellant.

*J. Hanna* and *F. Knefler,* for appellee.