No. 9863.

## BRANN ET UX. *v.* CAMPBELL ET UX.

WITNESS.—*Character.*—A witness whose testimony has been contradicted, but who has not been impeached, can not be supported by proof of good character for veracity.

From the Rush Circuit Court.

*J. Q. Thomas, J. J. Spann, G. H. Puntenney, A. B. Irvin* and *J. Helm, Jr.,* for appellants.

*F. J. Hall, J. W. Study, W. A. Cullen* and *B. L. Smith,* for appellees.

FRANKLIN, C.—Campbell and wife sued Brann and wife in an action of slander. The defendants answered by averring the truth of the words charged, in justification. The plaintiffs replied by a denial. There was a trial by a jury, and a verdict for the plaintiffs. A motion for a new trial was overruled, and judgment rendered for the plaintiffs.

The defendants appealed to this court, and have assigned a large number of errors, among which is the overruling of the motion for a new trial, which states various reasons therefor, which have also been improperly assigned as specifications of error; but we deem it unnecessary to copy them in this opinion. Among the reasons stated for a new trial is the following: That the court erred in permitting the plaintiffs to introduce witnesses and prove the general good character for truth and veracity of the plaintiffs' impeaching witnesses, whose general character had not been attacked otherwise than by the denial by the impeached witnesses of the statements testified to by the impeaching witnesses. This was irregular and erroneous.

A witness's general character is presumed to be good until it has been attacked. Contradictions merely do not amount to an attack upon general character, and do not afford any ground for the admission of evidence of general character. 1 Greenleaf Ev., section 469, and authorities cited.

In the case of *Pruitt* v. *Cox,* 21 Ind. 15, the following language is used : "If, in the multiplicity of contradictions daily occurring, each witness was permitted to bring in other witnesses to sustain his general character—and they, contradicting each other, should be permitted to bring in others, the whole time of our courts would be taken up in hearing these side questions, until the matters originally in litigation would be almost lost sight of, to the great detriment of suitors." The court held such practice to be erroneous, and for that and other reasons the judgment was reversed.

In the case of *Johnson* v. *State,* 21 Ind. 329, the court permitted the State to introduce several witnesses to testify as to the "standing for integrity" of one of the State's witnesses, and this court said : "We are of opinion that the court erred in admitting the evidence. Proof of the witness' 'standing for integrity' was only an indirect mode of proving his general moral character. * The character of the witness not having been impeached, it was incompetent to support him by evidence of his general moral character, or that which is equivalent to such evidence." And the case of *Rogers* v. *Moore,* 10 Conn. 13, is referred to in support thereof. And for the error of admitting such testimony the judgment was reversed.

In the case of *Presser* v. *State,* 77 Ind. 274, testimony to prove the good character of a witness, whose testimony had been contradicted by other witnesses, was refused. This court held that such ruling was right, and used the following language : "It is well settled that a witness who is contradicted by evidence disproving the matters of fact testified to by him can not call witnesses to prove good character." The judgment was affirmed.

It has been thus established by this court, that a witness whose general character has not been impeached, and whose testimony has only been contradicted by other witnesses, can not introduce witnesses to prove his general good character, and that the introduction of such testimony is good cause for reversing the judgment. Such testimony not only tends to

unnecessarily consume and delay the time of the court, and unlimitedly extend the raising and investigating of collateral issues, but may tend to give additional weight and undue influence to the testimony of such witnesses whose characters have thus been proven to be positively good, over and above the same testimony, by the same witnesses, under the legal presumption of good character. And we can not say in this case that such testimony did not harm the appellants.

The court erred in admitting such testimony, for which error a new trial ought to have been granted.

There are a number of other questions presented and discussed by counsel, but as they may not arise upon a subsequent trial of the cause, we deem it unnecessary to consider and decide them.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at the costs of the appellees, and that the cause be remanded, with instructions to the court below to sustain appellants' motion for a new trial, and for further proceedings.