Fitzgerald, Trustee, *v.* Goff.

Filed Nov. 25, 1884.

---

No. 10,183.

## FITZGERALD, TRUSTEE, *v.* GOFF.

WITNESS.—*Weight of Evidence.*—*Supreme Court.*—The weight of evidence and the credibility of witnesses are questions for the jury and the trial court, and the Supreme Court will not reverse a judgment on either of these grounds.

SAME.—*Contradiction of Witness.*—*Impeachment.*—A party is not authorized to introduce evidence to sustain the moral character of his witness, whose testimony has been contradicted merely, where no attempt has been made to impeach the moral character or reputation of such witness.

QUIETING TITLE.—*Cross Complaint.*—*Verified Answer Denying Execution of Deed.*—*Burden of Issue.*—Where, in an action to quiet the title to real estate, the defendant, by way of cross complaint, asserts that he is the owner of such real estate, and that the plaintiff's claim thereto is unfounded and a cloud upon his title, which he asks to have quieted, and the plaintiff answers such cross complaint, denying under oath the execution of the deed under which the cross complainant claims to derive title, and the record shows that the issue thus joined was the issue tried below, the burden of such issue rests upon the cross complainant, without shifting or change, throughout the trial.

SAME.—*Requisites of Deed.*—*Instruction.*—In section 2919, R. S. 1881, it is provided that the conveyance of real estate "shall be, by deed in writing, subscribed, sealed, and duly acknowledged by the grantor or his attorney." An instruction, substantially in the language of the statute, is not an available error, where the controversy in relation to the execution of the deed is not between the grantor and the grantee, or one having actual notice of such deed.

SAME.—*Acknowledgment.*—Where one of the controverted questions on the trial of a cause is in relation to the acknowledgment of a deed, an instruction as to how and by whom an acknowledgment may be taken is not erroneous.

INSTRUCTIONS.—*Exceptions.*—Where instructions are objected to solely upon the ground that they do not fully state the law on the subject-matter

Fitzgerald, Trustee, *v.* Goff.

thereof, it is incumbent on the objecting party to ask the trial court for additional instructions covering the omitted points, for, in such a case, the mere saving of an exception to the instruction given will not constitute an available error for the reversal of the judgment.

DEED.—*Execution of.*—*Delivery an Essential Requisite.*—*Intention of Grantor.*—The delivery of a deed is an essential requisite of its execution. The deed takes effect from its delivery; and if it should pass into the grantee's possession without the grantor's intention that it should become operative, and be used for the purpose apparently intended, it has no legal existence as a deed, and no person can gain any rights thereunder.

SAME.—*Unauthorized Delivery.*—*Record of Deed.*—*Innocent Purchasers.*—A deed delivered without the knowledge, consent or acquiescence of the grantor, is no more effective than a deed wholly forged would be to pass the title to the grantee, and the record of such deed will afford no protection to innocent purchasers.

JURY.—*Misconduct of.*—*Bailiff's Presence in Jury-Room.*—*Counter-Affidavits. Supreme Court.*—The unexplained and unnecessary presence of the bailiff of the jury in their room, during their deliberations, is good cause for a new trial, as constituting misconduct of the jury; but where it is shown by counter-affidavits, and the trial court decides, that the presence of the bailiff in the jury-room was necessary to the proper discharge of his duties as bailiff, and did not harm the complaining party, the Supreme Court will not disturb such decision on the weight of the evidence.

From the Marion Circuit Court.

*A. L. Roache* and *E. H. Lamme*, for appellant.

*W. W. Woollen*, for appellee.

HOWK, J.—This was a suit by the appellee, Eliza A. Goff, against the appellant, Fitzgerald, trustee of the " Mercantile Trust Company of New York," and a number of other persons, as defendants. In her complaint the appellee alleged that she had the legal title to, and was in the peaceable possession of, the south half of lot No. 8, in Coburn and Blackford's subdivision of square No. 11, in the city of Indianapolis; that the appellant and each of his co-defendants set up and claimed an interest and estate in and to such real estate adverse to the appellee's estate and interest therein; that heretofore, from January 1st, 1879, to March 19th, 1881, the defendants, the Mercantile Trust Company of New York, the appellant, the trustee of such company, and its agent, Charles

E. Coffin, wrongfully and without her consent collected, received and appropriated to their own use the rents, issues and profits of the above described real estate, amounting in the aggregate to, to wit, the sum of $500; that the defendant, the Mercantile Trust Company, was a corporation organized under the laws of the State of New York, and its principal office was in the city and State of New York, and the defendant Coffin and Addison L. Roache were its duly authorized agents in the city of Indianapolis. Wherefore appellee prayed that the defendants, and each of them, might be compelled to show their title to, or interest in, the real estate aforesaid; that such title or interest may be declared null and void as against the appellee's title; and that she might recover judgment for the rents aforesaid as damages, etc.

The defendant, the Mercantile Trust Company, separately answered by a general denial of the appellee's complaint, and it also filed a separate cross complaint, wherein it alleged that it was the owner in fee simple, and entitled to the possession, of the real estate in controversy; that the appellee pretended to claim some interest in or to such real estate, but that, in fact, she had no interest therein, and that her unfounded claim was a cloud upon the title of such cross complainant. Wherefore it prayed that its title might be quieted, etc.

To this cross complaint appellee answered in two paragraphs:

1. By a general denial; and,

2. That the pretended title and ownership of the cross complainant in and to the real estate in controversy was based upon what purported to be a deed from the appellee to one John L. Hanna of the real estate in controversy, a copy of which deed and of its acknowledgment before one William V. Hawk, a notary public of Marion county, is set out in the body of the second paragraph of appellee's answer to the cross complaint; and that she, the appellee, never executed and delivered such deed, and the same is not her act and deed. Wherefore, etc.

The deed referred to in such second paragraph of her answer purported to have been executed by appellee on the 20th day of March, 1875, and to have been acknowledged on the same day, month and year, and was a (short form) general warranty deed. Such second paragraph of answer was verified by the oath of the appellee.

The first trial of the action resulted in a verdict for the appellee, and, over a motion for a new trial for cause shown, in a judgment accordingly in her favor. Appellant then paid the costs, and took a new trial as a matter of right under the statute. The cause was again tried by a jury, and a general verdict was returned for the appellee. Over appellant's motion for a new trial, the court rendered judgment for the appellee, as prayed for in her complaint.

The overruling of the motion for a new trial is the only error assigned here by the appellant. In this motion many causes were assigned for such new trial, but of these we need only consider such as the appellant's counsel have specially directed our attention to in their exhaustive briefs of this cause.

The fact was conceded upon the trial, and is not controverted here, that, prior to the 20th day of March, 1875, the appellee, Eliza A. Goff, was the owner in fee simple and in the possession of the real estate in controversy. The appellant asserted below, and asserts here, that the "Mercantile Trust Company of New York" was and is the owner in fee simple, and entitled to the immediate possession, of such real estate; but it claimed to derive its title thereto from, through and under the appellee Eliza·A. Goff, and it asserted no other or different title to such real estate, or right to the possession thereof, except such as it claimed under Mrs. Goff, through her alleged mesne conveyance of the real estate to John L. Hanna. If the appellee conveyed the real estate to John L. Hanna, by her alleged deed thereof, dated March 20th, 1875, then it subsequently became the property of the Mercantile Trust Company, for it is not controverted that

Hanna mortgaged such real estate to the trust company to secure a loan of money, and that by and under such mortgage such company had acquired all the title and estate which John L. Hanna had or held in and to such property. In the second paragraph of her answer to the appellant's cross complaint, as we have seen, the appellee averred under her oath, that she never executed and delivered the deed of March 20th, 1875, to John L. Hanna, and that the same was not her act and deed. The sufficiency of this paragraph, either in form or substance, was not called in question in the trial court, nor is it questioned here. Manifestly, the paragraph tendered an issue upon the controlling question in the case.

Upon this issue the jury found generally for the appellee. In answer to interrogatories propounded by the court the jury found specially, in substance, as follows:

The evidence in this cause shows a perfect title in Eliza A. Goff, of record, on the 20th day of March, 1875, to the real estate described in her complaint; and that she is an illiterate and uneducated person, and can not write her name. She did not sign her name, nor make her mark to her name to a deed for said real estate, dated March 20th, 1875, and purporting to be from her to one John L. Hanna. The name of Eliza A. Goff was signed to the said deed by Mrs. Hubbard, and no one directed it to be done. From where Eliza A. Goff was sitting, she could not have seen her daughter (Mrs. Hubbard) sign her name to said deed when it was done. Said deed was not read, nor explained, to said Eliza A. Goff by any person, nor did she, with intent so to do, deliver the said deed to John L. Hanna. Eliza A. Goff never acknowledged the execution of said deed.

With this statement of the case, and of the question at issue, we proceed now to the consideration of the matters complained of here by appellant's counsel. It is earnestly insisted by counsel that the verdict of the jury was contrary to, and not sustained by, the evidence in the cause, and was contrary to law. We can not disturb the verdict on these·

grounds, under the long-settled practice of this court. The questions for trial were mainly questions of fact, involving alleged fraud and forgery, and peculiarly within the province of the jury. The evidence in relation to the alleged execution of the deed by appellee to John L. Hanna was sharply conflicting and could not well be reconciled, and the credibility of the different witnesses was, also, a question for the jury. In such a case, where the verdict has met the approval of the trial court, this court will not disturb the verdict, nor reverse the judgment, on what might seem to be the weight of the evidence. *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73; *Cornelius* v. *Coughlin,* 86 Ind. 461; *Fellenzer* v. *Van Valzah,* 95 Ind. 128.

The appellee was a witness on the trial in her own behalf, and on her cross-examination she denied that she had ever executed a mortgage to John L. Hanna, and acknowledged the same before one George W. Powell, a notary public. Afterwards appellant called Powell as a witness and offered to prove by him that appellee had executed such mortgage, and had acknowledged it before him as a notary. The court sustained an objection to the offered evidence, and the ruling is assigned as cause for a new trial. There was no error in this ruling. The evidence was offered for the purpose of contradicting the appellee's testimony brought out by the appellant on an immaterial point not relevant to the issue. 1 Greenl. Ev. 613, *note.* The appellee's testimony was in answer to a question propounded by appellant, and tendered an immaterial side-issue, as to which he was bound by her answer and could not be permitted to contradict it. 1 Greenl. Ev., section 449. Besides the objection was withdrawn in ample time for the introduction of the offered evidence, if the appellant wished to introduce it.

Appellant offered a witness to prove the good moral character of John L. Hanna, and the general reputation of Hanna for truth and veracity. Upon appellee's objection the offered

evidence was excluded. There was no error, we think, in these rulings. Appellee did not attempt to impeach Hanna by introducing evidence touching his moral character, or to show that his general reputation for truth and veracity was not good. A party can not be permitted to introduce evidence to bolster or sustain the moral character or reputation of his witness, where his testimony has been contradicted merely, and no attempt made to impeach the moral character or reputation of such witness. *Johnson* v. *State*, 21 Ind. 329 ; *Presser* v. *State*, 77 Ind. 274 ; *Brann* v. *Campbell*, 86 Ind. 516. The cases cited by appellant's counsel do not support their argument, and are not in conflict with what we here decide. *Gebhart* v. *Burkett*, 57 Ind. 378 (26 Am. R. 61) ; *American Ex. Co.* v. *Patterson*, 73 Ind. 430.

The court of its own motion gave the jury the following instruction : " Under the issues in this case it is incumbent upon the defendant, the Mercantile Trust Company, to establish, by a fair preponderance of the evidence, that said deed from the plaintiff, Eliza A. Goff, to the defendant John L. Hanna, for said real estate, was duly executed and delivered."

Appellant excepted to this instruction, and, upon the same subject, requested the court ·to instruct the jury as follows : " The plaintiff is bound to prove all the material allegations of her complaint by a preponderance of the evidence. She, the plaintiff, having by proper pleading put in issue the execution of the deed from her to John L. Hanna, it is only necessary for the defendant, the Mercantile Trust Company, who claims title through the said Hanna, to introduce sufficient evidence upon the question of the execution of said deed, so as to justify the court in admitting the same as evidence, which was done. Then the burden of the proof is shifted to the plaintiff, and she must prove by a preponderance of the evidence that she never signed or executed the said deed, nor authorized any one to sign the same for her."

The court refused to instruct the jury as requested, and appellant excepted. The two instructions quoted, the one

given and the other asked for and refused by the court, are considered together in argument by the appellant's counsel, and we will consider and pass upon them, in the same manner.    It is certain, we think, that the court did not err in the instruction given of its own motion; but, if it had erred, it would not follow by any means, that it had also erred in refusing to give the instruction asked for by the appellant.    The record discloses the fact, that the issue tried below was the issue joined on the appellant's cross complaint, wherein it was sought to have the title of the Mercantile Trust Company to the real estate in controversy quieted and forever put at rest, as against the appellee.    Upon the issues thus joined, it is manifest that the appellant had the burden of the issue, from the introduction of the first evidence until the close of the trial.    The preliminary evidence offered by the appellant, for the purpose of making such a *prima facie* case, in relation to the alleged execution of the deed by appellee to John L. Hanna, as would authorize the reading of such deed as evidence, did not in any manner, or to any extent, change the burden of the issue as to appellee's execution and delivery of such deed.    After, as well as before, the introduction of such preliminary evidence, it was incumbent on the appellant and his *cestui que trust,* "the Mercantile Trust Company," to establish by a fair preponderance of the evidence, that the deed from the appellee, Eliza A. Goff, to John L. Hanna, of the real estate in controversy, was duly executed and delivered. So, of its own motion, the trial court instructed the jury in the case in hand, and this instruction, we think, contained a correct statement of the law, applicable alike to the issues and the evidence.    Upon the pleadings in the cause, the burden of the issues rested upon the appellant, without shifting or change, throughout the trial.    *Pate* v. *First Nat'l Bank of Aurora,* 63 Ind. 254; *Pence* v. *Makepeace,* 65 Ind. 345, on p. 361, *et seq.; Carver* v. *Carver,* 97 Ind. 497.

In support of their argument upon the question now under consideration, appellant's counsel cite and rely upon the

following cases : *Meikel* v. *State Savings Institution, etc.*, 36 Ind. 355, and *Brooks* v. *Allen*, 62 Ind. 401. These cases do not seem to us to be, in anywise, applicable to the case at bar. In each of the cases, the action was upon a promissory note, and the defence was a special plea of *non est factum*, admitting the execution and delivery of the note, but alleging affirmatively a subsequent alteration of the note by the interlineation of certain additional words. In each of the cases it was held, and correctly so, we think, that if there be no indication of the alleged alteration on the face of the note, the burden of the issue is upon the defendant. In the case in 36 Ind. 355, the court said : " The burden of the issue formed on the paragraph of the answer, above set out, was on the defendant, because the paragraph was affirmative in its character, and admitted everything that the plaintiff would have been bound to prove in order to recover. It admitted the signing and delivery of the note, but alleged a subsequent alteration. The signing and delivery of the note, the facts admitted, entitled the plaintiff to recover, unless some evidence was given of the alleged alteration." It is very clear that the cases cited by counsel are not in point, in the case at bar ; for the appellee's answer contains no admission, and denies absolutely, and without qualification, her execution and delivery of the deed to John L. Hanna. We conclude, therefore, that the trial court did not err, either in the instruction given of its own motion, or in its refusal to give the jury the instruction above quoted, at the appellant's request.

The court of its own motion, also, gave the jury the following instruction : " To duly execute a deed for the conveyance of real estate, it must be in writing, and it must contain a description of the real estate conveyed, and the names of the grantor and grantee. It must be signed and acknowledged by the grantor, and the acknowledgment must be certified to by a person authorized to take acknowledgments of deeds."

Appellant's counsel vigorously attack the closing sentence

of this instruction. They say it " should not have been given by the court, and injured the appellant by stating an element, as essential to the due execution of a deed, which is not an essential element. The acknowledgment of a deed does not go to its validity and due execution (and due execution here, the jury must have taken in the sense of validity), but is a condition to its admission to record. The deed has the same force and validity, as between the parties, without the acknowledgment as with it." Doubtless, the sentence last quoted from the argument of counsel is a correct statement of the law, but we fail to see its application to the case in hand, for this is not a controversy between the parties, the grantor and the grantee in and to the deed. Nor can we perceive how the omission of the court to instruct the jury, that, as between the parties, the grantor and the grantee, the deed might have been valid without any acknowledgment thereof, could have possibly injured the appellant, when no such question as that was on trial before the jury. That question was not on trial for two reasons: 1. Because the controversy here was not between the parties, the grantor and the grantee in and to the deed; and, 2. Because the deed, the making and delivery of which were in issue, purported, on its face, to have been acknowledged before the proper officer.

It is true, that the instruction last quoted contains a defective and imperfect statement of the law in relation to the due execution of a deed, in that it omitted to state that, as between the grantor and the grantee therein, and persons having actual notice thereof, a deed might be valid without any acknowledgment or record thereof. But, as applied to the case on trial, the instruction was not erroneous. For here the controversy was not between the grantor and the grantee in the deed, and it is not claimed that the appellant or his *cestui que trust* had actual notice of the deed, or any other notice thereof except such as was afforded by the record of the deed in the proper recorder's office. The due execution of a deed, to be valid and effectual against any person other than the

grantor, his heirs and devisees, and persons having notice thereof, required that it should be acknowledged before a proper officer, because, without such acknowledgment, the deed would not be entitled to record, and, if recorded, the record would not operate as notice to any one of the existence of the deed, or of the contents of such record. We are of opinion, therefore, that there is no such error in the instruction last quoted as would authorize the reversal of the judgment. In section 2919, R. S. 1881, in force since May 6th, 1853, it is provided: "Conveyances of lands * * * * * shall be, by deed in writing, subscribed, sealed, and duly acknowledged by the grantor or by his attorney." In the sentence of the instruction of which complaint is made, the court substantially gave the jury this section of the statute as an instruction; and we can not say that in thus instructing the jury the court committed an error.

Of its own motion, the court further instructed the jury, as follows: "The acknowledgment of a deed consists of two things: *First.* The act of one who has executed the deed, in going before some competent officer or court and declaring it to be his act or deed; or, *Second.* The act of the officer or court in certifying that the grantor has declared the deed to be his act and deed." This instruction is complained of here on the ground chiefly that it "thrust upon the jury the consideration of an element which was, in no wise, essential to a determination of the issues." One of the controverted questions on the trial was whether or not the appellee had ever acknowledged the deed before the notary public, whose certificate of acknowledgment was annexed to such deed. Evidence was introduced by both parties bearing on this question, and it was proper enough for the court to instruct the jury in relation to the acknowledgment of a deed, and the manner of taking and certifying such acknowledgment. This the court did, and we can see no error in the instruction given.

The following instruction was given by the court, of its own motion: "Every deed for the conveyance of real estate

must be signed by the grantor. This may be done in three ways: *First.* The grantor may sign it in person, and with his own hand, by writing or making his or her mark to his or her name written by another to the deed; *Second.* He may in writing, or by parol, direct another person in his presence to sign his name to the deed; *Third.* He may, by power of attorney duly executed, authorize another to sign his name to the deed for him, either in his presence or absence."

Appellant's counsel object in argument to this instruction, not on the ground of anything stated therein, but on account of what it omits to state. It is said, and correctly so, we think, that where a deed is executed without competent authority from the grantor, he might afterwards so ratify and confirm such deed as to render it equally as valid and binding on him as if it had been executed by his express authority. *Fouch* v. *Wilson*, 59 Ind. 93. It is claimed that the instruction under consideration is defective and imperfect, because it failed and omitted to inform the jury that, even where the execution of a deed was at the time entirely unauthorized by the grantor, yet, by his subsequent conduct, the grantor might so far approve and ratify such deed as to render it valid and effective. Because of this defect and imperfection in the instruction, counsel earnestly insist that it is so erroneous as to require the reversal of the judgment. In this case, however, there was no evidence before the jury tending to show a subsequent approval and confirmation of appellee's alleged deed to John L. Hanna; and, therefore, it was unnecessary for the court to instruct the jury in regard to the effect of a subsequent ratification of an unauthorized deed.

Besides, it is conceded that the instruction contained a correct statement of the law as far as it went, and it is objected to here solely on the ground of its failure or omission to instruct the jury in relation to the effect of a subsequent ratification of an unauthorized deed. The general rule is, however, that such an objection to an instruction will not constitute an available error for the reversal of the judgment. In

Fitzgerald, Trustee, *v.* Goff.

*Jones* v. *Hathaway,* 77 Ind. 14, the rule of practice in such a case is thus stated: " Where the instructions given do not contain any erroneous statement of the law, and are objected to upon the ground that they do not fully state the law upon all the issues in the cause; it is incumbent on the objecting party, if he desires to make his objections available in this court, to ask the trial court for additional instructions covering the omitted points. If the party fails, in such a case, to ask the court for such instructions, he can not, by merely excepting to the instructions given, get such an error into the record as will be available to him on appeal, in this court." The rule as here stated has been approved by this court in many subsequent decisions. *Taggart* v. *McKinsey,* 85 Ind. 392; *Hodge* v. *State,* 85 Ind. 561; *Powers* v. *State,* 87 Ind. 144; *Ireland* v. *Emmerson,* 93 Ind. 1 (47 Am. R. 364).

The court gave the jury, of its own motion, the following instructions: "A deed may be written, signed, acknowledged and certified, and still be inoperative for want of delivery, for delivery is an incident essential to the execution of a deed. The question of delivery is always one of the intention of the parties. If the deed passes into the hands of the grantee, without the intention on the part of the grantor that it should become operative and be used for the purpose intended, it is not a delivery."

And further, "A deed takes effect from its delivery, and until the maker parts with its possession and yields up his right to control it, the deed has no legal existence, and no other person can gain any rights under it."

These two instructions are discussed together in the brief of appellant's counsel, and we will consider and pass upon them in the same manner. These instructions, like the one last considered, are complained of here, not so much on account of what is stated therein, as upon the ground that they do not contain all the law in relation to the delivery of a deed, which, counsel claim, should have been given to the jury. Each of the two instructions states the law fairly and correctly as far

as it goes, as the same has been declared in many of the decisions of this court. *Goodsell* v. *Stinson*, 7 Blackf. 437; *Tharp* v. *Jarrell*, 66 Ind. 52; *Vaughan* v. *Godman*, 94 Ind. 191. We can not say that the two instructions were not applicable to the case on trial, and, as they state the law correctly, we can not hold them to be erroneous, merely because they do not contain a statement of the law applicable to every feature of the case. In such a case, as we have already said, it is the duty of the party who complains of the instructions as given to ask the trial court for additional instructions supplying the omissions in those already given.

Of its own motion, the trial court gave the jury the following instruction: " If you are satisfied by the preponderance of the evidence in this case, that the plaintiff's name was signed to the deed from her to the defendant John L. Hanna, by her authority, and if her attention was called to that fact by the officer taking the acknowledgment of the deed, and if she knew what the instrument was, and knew her name was signed to a deed, and if she was asked if she acknowledged the execution of the deed, and she said she did, and she understood what it was, and permitted the said John L. Hanna to take said deed away, after having acknowledged it, that would be an execution and delivery of the deed, within the requirements of the law, and your verdict should be for the defendant on its cross complaint. But, if you are not so satisfied, your verdict should be for the plaintiff."

Upon the face of this instruction, it was manifestly addressed by the court to the issues joined upon the cross complaint by the appellee's answers thereto, and the evidence introduced by the parties, bearing on those issues. Appellant's first objection to the instruction, in argument, " because it places the burden of proof upon the appellant," therefore, is not well taken. For, as we have already said, the burden of the issues joined on the cross complaint was upon the appellant, from the commencement until the close of the trial. The second objection of appellant's counsel to the instruction

last quoted is, that it omits to tell the jury that appellee's subsequent ratification of the deed was a sufficient execution thereof to make a good title in the appellant. Here, again, the complaint is, not of what the instruction contains, but of an omitted proposition of law, which the court might have given to the jury, if the appellant had properly requested the court so to do, at the proper time. For reasons already given, we think that this objection to the instruction ought not to be sustained. The last objection urged to this instruction is, that it makes the appellant's title depend upon the acknowledgment and explanation of the notary. It seems to us, however, that the instruction is not fairly open to the construction which is thus sought to be placed upon it. The evidence tended to show that the appellee could not and did not sign her name to the deed to John L. Hanna. In such a case, the section of the statute (section 2948, R. S. 1881) seems to contemplate that the officer, before whom the deed is acknowledged, shall explain to the grantor the contents and purport of such deed; but it is expressly provided, that the failure of such officer so to do shall not affect the validity of any deed. Fairly construed, the instruction complained of is not, we think, in conflict with these statutory provisions.

Appellant's counsel next complain, in argument, of the refusal of the court to give the jury the following instruction: "In regard to the acknowledgment of the deed from the plaintiff to said Hanna, I instruct you that if the notary, William V. Hawk, was satisfied in his own mind, that the plaintiff knew the contents of the paper she was executing, then, and in that event, it was not necessary that he should, as such notary, read or explain the same to her."

It is very clear, we think, that the court did not err in its refusal to give the jury this instruction, for the reason that it assumes the existence of the principal fact in issue in this cause, namely, that the appellee was executing the deed to John L. Hanna. It is settled by many decisions of this court, that the trial court has no right to assume, in an instruction,

the existence of any fact which the jury were required to find from the evidence. *Killian* v. *Eigenmann*, 57 Ind. 480; *Scott* v. *State*, 64 Ind. 400; *Jackman* v. *State*, 71 Ind. 149.

Complaint is also made by the appellant's counsel of the court's refusal to give the jury the following instruction: "If you believe from the evidence that the plaintiff knew that her daughter was signing her name to a paper purporting to be a deed, for the purpose of conveying the property in controversy, with the view of his, the said Hanna's, procuring a loan on the same, and permitted her name to be so signed, even out of her immediate presence, and made no objection thereto, and the property having passed into the hands of an innocent third person for value, such deed would be binding on the plaintiff, and she can not recover."

We are of opinion that the court committed no error in refusing to give the jury this instruction. It utterly ignores the question of the delivery of the deed, which was directly involved in the issues on trial before the jury. Even if the evidence showed that the deed was signed by the daughter of the appellee in her presence and by her authority, yet, if the evidence failed to show that the deed thus signed had been delivered by the appellee, or by her authority, the deed would not be binding on her, and, under the issues, she could recover. In the recent case of *Henry* v. *Carson*, 96 Ind. 412, it was well said: "A deed, delivered without the knowledge, consent or acquiescence of the grantor, is no more effectual to pass title to the grantee than if it were a total forgery, although the instrument may be spread upon the record, and innocent purchasers are not protected." And see the authorities there cited.

Appellant's counsel further complain of the court's refusal to give the jury the following instruction: " If you believe from the evidence that the deed from the plaintiff to the said Hanna was duly executed and delivered, but was procured by fraud, or that the consideration therefor never was paid by the said Hanna to the plaintiff, yet, if you shall find that

the defendant, the Mercantile Trust Company, is an innocent purchaser for value of said property through the said Hanna, without notice of any fraud or failure of consideration, it would be entitled to hold the property under such conveyance, and the plaintiff can not recover."

The court did not err, we think, in its refusal to give the jury this instruction. It was not applicable to the issues in the cause, and was calculated to mislead and confuse the jury by directing their attention to questions and matters entirely outside of the issues in the cause. Neither in her complaint, nor in her answers to appellant's cross complaint, did the appellee assert or claim that the deed of the property to John L. Hanna had been obtained from her by fraud, or that the consideration therefor had never been paid. She tendered the single issue by her verified answer to the cross complaint, that the deed of her property to John L. Hanna, through which the appellant claimed title, had never been executed or delivered by her, and that the same was not her act and deed. If the jury found this issue for the appellee, as they manifestly did from their verdict, she was entitled to recover; for, in such case, as this court said in *Henry* v. *Carson*, *supra*, " innocent purchasers are not protected."

The last cause for a new trial, which is insisted upon here by appellant's counsel as a ground for reversing the judgment, was alleged misconduct on the part of the sworn bailiff having the jury in charge. This is not one of the statutory causes for which a new trial may be granted. Section 559, R. S. 1881. The cause for a new trial, which the appellant, perhaps, intended to assign, was alleged misconduct of the jury in permitting their bailiff to enter and remain in the jury-room for an unnecessary period of time during their deliberations, etc. If this had been the form of the cause assigned for a new trial, we are of opinion, however, that the court might well have found, from the affidavits and counter-affidavits filed by the parties, that the presence of the bailiff of the jury in their room, during their deliberations, was

necessary to the proper discharge of his duties as bailiff, and did not harm the appellant in any manner. *Doles* v. *State,* 97 Ind. 555. In such case, of course, this court would not disturb the finding of the trial court on the weight of the evidence.

A careful examination of the record of this cause has led us to the conclusion that there is no error therein which authorizes or requires the reversal of the judgment. The judgment is affirmed with costs.

