THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, v. WILLARD VAN HOUTER, APPELLANT.

*Criminal trial — evidence — what inadmissible on cross-examination — evidence can-
not be given to sustain the character of a witness, until it has been attacked — it
is error to refuse to charge that a defendant is presumed to be innocent until the
contrary is proved.*

Upon the cross-examination of the defendant upon his trial, upon the charge of
keeping a bawdy-house, he was asked and compelled, against his objection
and exception, to answer questions as to what property he had besides a house
and lot, and how he had obtained and invested it.

*Held,* that it was error to compel the defendant to answer the questions, as there
was nothing in the direct-examination which justified their being put.

A witness called by the people was allowed at the very outset to testify that
prior to her coming to Ithaca, she had been " a decent and respectable girl."

*Held,* that the court erred in admitting the testimony, as the people had no right
to introduce evidence to sustain the character of the witness, before it had
been attacked.

The court was requested to charge [the rule prescribed by section 389 of the
Code of Criminal Procedure, providing that " a defendant is presumed to be
innocent until the contrary be proved." The court refused so to do, but
charged the substance of the second proposition contained in that section, viz.,
that "in case of a reasonable doubt whether his guilt is satisfactorily shown
he is entitled to an acquittal."

*Held,* that it was error to refuse to charge as requested.

APPEAL from a judgment, entered in Tompkins county upon the
verdict of guilty, rendered by a jury upon a trial in the Court of
Sessions in that county upon a charge against the defendant of
having kept a bawdy-house in the village of Ithaca on Clinton
street. Evidence was given at the trial tending to establish the
charge made in the indictment. Defendant gave evidence to the
contrary, as a witness in his own behalf.

*James L. Baker,* for the appellant.

*G. L. Smith,* district attorney, for the respondent.

HARDIN, P. J.:

During the cross-examination of the defendant he stated that he
owned a house and lot and paid taxes upon it. He was asked, viz.:
" Q. Have you any money outside of the house and lot there ?'

The question was objected to as irrelevant, immaterial and improper, and the objection was overruled and the defendant took an exception. He then answered "yes, sir." He was then asked "how much?" This was objected to upon the same grounds as the previous question. The objections were overruled again and defendant again excepted. The witness then said, "I have got from ten thousand dollars to fifteen thousand dollars," and he was then asked where it was and if it was invested and where he got it. He answered that he got it in the army, and that he was a gambler, and that it was never invested since he won it, and that most of it was in gold. We think the objections were improperly overruled. No evidence had been given in chief by the defendant which justified the course of the cross-examination in the partculars we have quoted. The evidence therefore as to his money, how much he had, how he got it, and whether it was or ever had been invested was immaterial. The court erred in requiring the defendant to give the evidence in cross-examination.

*Second.* The people called as a witness Anna Longcoy, and in the very outset she was allowed to testify that prior to her coming in 1882 to Ithaca that she had "been a decent and respectable girl." This was objected to by defendant as immaterial, and an exception was taken when it was admitted. The people had no right to give evidence to sustain the character of the witness at the stage of the case when it was offered and received. JEWETT, J., says, in *People* v. *Gay* (7 N. Y., 381), "that in general a party will not be permitted to give evidence of his witness' good *character until it has been* attacked on the other side." We think the case before us forms no exception to the general rule. Whether the witness had had anything to do with men before she came to Ithaca to reside, was wholly immaterial, if it was intended to show that her character or her personal habits had been chaste and good it was inadmissible. It was error to receive the evidence. A party is not allowed to sustain the character or chastity of his witness in advance of any attack. (*People* v. *Hulse,* 3 Hill, 309; *People* v. *Gay, supra*; *Russell* v. *Coffin,* 8 Pick., 143.)

We think the court might properly have yielded to the request to charge that "the defendant is presumed to be innocent until the contrary be proved." Section 389 of the Code of Criminal Procedure

says : "A defendant in a criminal *action is presumed* to be innocent until the contrary be proved; and in case of a reasonable doubt whether his guilt is satisfactorily shown he is entitled to an acquittal." (*Stokes* v. *People,* 53 N. Y., 183; *People* v. *Williams,.* 29 Hun, 520; *People* v. *Thompson,* 21 Weekly Dig., 345.)

Judgment and *conviction reversed* and a new trial ordered in the Court of Sessions of Tompkins county.

FOLLETT, J. :

The court was requested to charge the rule prescribed by section 389, Code of Criminal Procedure, which provides : "A defendant is presumed to be innocent until the contrary be proved." This the court refused to do, but charged the substance of the second proposition contained in the section, that "in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal." To the refusal to charge as requested, and to the answer given by the court, the defendant excepted. By refusing to charge the first proposition the jury may have well understood that such was not the legal presumption. The two propositions contained in the section are nearly related, but they are not identical; and such was the understanding of the legislature, otherwise both would not have been enacted. It has long been a rule of the common law that a defendant in a criminal action is entitled to have the jury instructed that the law presumes him to be innocent of the crime charged, and an instruction that the jury must be satisfied beyond a reasonable doubt of the defendant's guilt is not equivalent to an instruction that he is presumed to be innocent, especially in the face of a pointed prayer for such an instruction. For this error I think the judgment should be reversed and a new trial ordered.

Present — HARDIN, P. J., and FOLLETT, J.; BOARDMAN, J., not voting.

Judgment and conviction reversed, and a new trial ordered in the Court of Sessions of Tompkins county.