EDWIN G. POTTER vs. SILAS A. WAITE AND ANOTHER.

Hartford Dist., March T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The owner of a tract of ninety-six acres in 1806 conveyed to *Y* an acre of woodland, part of the tract. The plaintiff had become the owner of the remainder of the tract and the defendants represented the title derived from *Y* to the acre. In a controversy as to the location of the acre it was held that a declaration of *W*, since deceased, through whom the defendants claimed title, made while the title to the acre was in him, that he did not suppose he owned the acre now claimed by the defendants, and that *P* (a grantor in the plaintiff's title), claimed it, was admissible for the plaintiff as tending to show that the particular acre claimed by the defendants was not the acre originally conveyed to *Y*.

[Argued March 1st—decided July 2d, 1887.]

ACTION for a trespass to land and cutting and carrying away wood from it; brought to the Superior Court in Windham County, and tried to the jury before *Andrews, J.* Verdict for the defendants, and appeal by the plaintiff for error in the exclusion of evidence. The case is sufficiently stated in the opinion.

*J. H. Potter* and *C. E. Searls*, for the appellant.

*J. J. Penrose* and *J. M. Hall*, for the appellees.

BEARDSLEY, J. Upon the trial of this case it appeared that the defendants cut and carried away the wood growing upon about an acre of land, part of the ninety-six acres described in the complaint, and that they did so by the license

and permission of one Nathaniel Westcott, who claimed to be the owner of it; and the question was whether the title to the acre of land was in the plaintiff or Westcott.

It was admitted that in 1806 Ransom Perkins, then owning the ninety-six acres of land, including the acre in question, conveyed about an acre, part of the ninety-six acres, to George Young and others. The defendants claimed that the acre so conveyed was that upon which they entered and did the acts complained of, and that by successive conveyances the title to the same became vested in 1849 in one Henry Westcott, who died in 1882, and by his will devised it to Nathaniel Westcott, their licenser.

The plaintiff claimed that the land in dispute was not that which was conveyed by Ransom Potter to George Young and others, but that he had the title to it, derived from Ransom Potter; and in support of this claim he called Amos J. Gallup as a witness, who testified that in a conversation with Henry Westcott, about ten years before his death, Westcott proposed to him to make him executor of his will and to give him authority to sell all his woodland; that Gallup then said to him, "If you sell all your woodland it will bring a handsome sum," and that Westcott replied, "I don't suppose I own the pines; Potter claims them;" that by "the pines" he understood him to mean the piece of land which was cut over by Waite and Stanton, and that by Potter he understood that he meant the plaintiff in this case. Upon cross-examination he testified that Westcott gave him to understand that there was a dispute between him and Potter as to the ownership of the "pines." This evidence was ruled out by the court, upon a general objection made by the defendants to its admissibility.

The finding does not show upon what ground the evidence was excluded. There being no finding on the subject, we must assume that the witness properly understood the declaration of Westcott as referring to the land in question, and the question therefore is, whether it was admissible against the defendants.

The witness testifies that the declaration was made about

ten years before the death of Henry Westcott. According to the claim and evidence of the defendants, Westcott then had the title to the acre originally conveyed to Young.

Whatever title Nathaniel Westcott had to the property, and therefore whatever rights the defendants had as his licensees, were derived from Henry Westcott, by his last will. Upon a familiar principle his declarations respecting his title to this property were admissible against the defendants, to the same extent that they would have been against him if he was living and the immediate party to the suit, or as they would be if made by the defendants themselves. *Beers* v. *Hawley*, 2 Conn., 467; *Williams* v. *Ensign*, 4 id., 457; *Norton* v. *Pettibone*, 7 id., 319; *Higby* v. *Bidwell*, 9 id., 447; *Hill* v. *Bennett*, 23 id., 363.

This principle is recognized in England and in most if not all the states of the Union. Henry Westcott's declaration as testified to, "I don't suppose I own the pines, Potter claims them," though connected with his statement, testified to on cross-examination, that there was a dispute between them as to the ownership, was to some extent adverse to his interests, and tended to the disparagement of his title, and evidence of it should therefore have been admitted.

While such evidence standing alone would not be sufficient to establish a title to the land in the plaintiff, and manifestly should not avail against clear proof of a title in the defendants, yet it should have gone to the jury, to be considered by them, and given such credit and weight as under the circumstances, and in view of the other evidence in the case, they might think it entitled to.

There is error in the judgment appealed from and a new trial is granted.

In this opinion the other judges concurred; except CARPENTER, J., who dissented.