THE PECK, STOW & WILCOX COMPANY *vs.* THE ATWATER MANUFACTURING COMPANY.

Hartford Dist., May T., 1891. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

In an action brought by a lower mill-owner against an upper mill-owner on the stream, the principal question was whether the defendant, in repairing his dam in 1888, had not raised it higher than he had a right to, and higher than it was originally constructed in 1852, and the plaintiff offered a witness, who had been employed in the construction of the original dam, to testify to a direction of *A,* then owner of the upper-

mill site, and the grantor of the defendant, since deceased, how high to build the dam, with a declaration that he had a right to build to that height, and to the fact that the dam was so built. Held—

1. That the declarations were admissible, as those of a former owner, under whom the defendant claimed, as to the height to which he was limited.

2. That, so far as the inquiry was one of fact, as to what was the height of the dam as built in 1852, the making of the declarations would be admissible as a circumstance tending at the time to fix the attention of the witness upon the height to which the dam was being built.

[Argued May 5th—decided June 1st, 1891.]

SUIT for an injunction against the maintenance by the defendant of a dam at a height to which it had been raised, and for damages; brought to the Superior Court in Hartford County, and tried before *F. B. Hall, J.*

Upon the trial the principal question was whether the defendant in repairing the dam in question in 1888 raised it higher than he had the right to.

The plaintiffs in the presentation of their case offered to prove by one who had assisted in building the dam when it was originally constructed in 1852, when the property was owned by one Orrin Atwater, the defendant's grantor, who died in 1878, that Atwater, while then building the dam, stated and indicated to the witness the height to which he had the right to build it, and that the dam was thereupon, at the direction of Atwater, built up to that point; and that when the repairs were made by the defendant in 1888, the dam was raised some ten or twelve inches above its height as built in 1852. The defendant objected to proof of the declaration of Atwater to the witness, but the court overruled the objection, and received the evidence. The defendant excepted to the ruling.

The court having rendered judgment for the plaintiff the defendant appealed.

*C. E. Perkins,* for the appellant.

The declaration of a former owner against his interest can affect only those who claim title from him. 1 Greenl. Ev., § 189; *Beers* v. *Hawley,* 2 Conn., 467; *Betts* v. *Davenport,* 3 id., 286; *Norton* v. *Pettibone,* 7 id., 323; *Deming* v.

*Carrington*, 12 id., 1; *Smith* v. *Martin*, 17 id., 401; *Ramsbottom* v. *Phelps*, 18 id., 278, 285; *Tyler* v. *Mather*, 9 Gray, 177. In the case at bar the defendant made no claim under Atwater, nor was there any question in the case whatever as to whether Atwater's dam, built in 1852, was higher or lower than he had a right to raise it. The only question in the case was whether as a fact the defendant in 1888 raised his dam higher than Atwater's was built in 1852. This clearly appears from the finding, which says that the plaintiff claimed that in 1888 the defendant raised the dam "some ten or twelve inches above the dam as built in 1852." It is apparent therefore that here the defendant's case did not depend at all on any question of title or right coming from Atwater, but entirely on whether it had raised the dam above what Atwater had done; there was no controversy whatever about Atwater's right. The defendant did not claim that Atwater had any right to raise the dam higher than he did in 1852, nor did he claim that he got such a right from or through Atwater. In other words, the defendant did not claim under Atwater.

*A. F. Eggleston* and *M. H. Holcomb*, for the appellee.

ANDREWS, C. J. The evidence in this case to which objection was made, was, we think, clearly admissible. The declarations of the owner of land while in possession, in disparagement of his own title, are always admissible in evidence against him and all others who claim under him. *Potter* v. *Waite*, 55 Conn., 238.

The appellant seeks to avoid the application of this principle by insisting that the only controversy in the case was as to how high Orrin Atwater did, in fact, build the dam in 1852, and not how high did he have the right to build it. This claim, however, contradicts the averments in the complaint and the finding of the court. In both of these it appears that the height to which Mr. Atwater had the right to build his dam was in dispute. But if the claim of the appellant was strictly correct, still we think the evidence

was admissible.   A witness may always state a circumstance which called his attention to the main fact in issue and in respect to which he testifies.   The circumstance that Mr. Atwater told this witness, while the witness was at work on the dam, how high he had a right to build the dam, and how high to build it, would be very likely to fix the attention of the witness on the height to which the dam was actually built.   Such circumstances, in connection with the testimony of witnesses, are " an important means of determining the value of testimony by weighing it with reference to the opportunities which each witness had to know and remember the facts and to judge accurately in regard to them." *Tomlinson* v. *Town of Derby*, 43 Conn., 562.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.